HRR:pac 7125/1 \pleading\71251 Notice Removal.wpd

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ANNE SYKES, individually and on behalf of MICHAELA SYKES (minor), GREGORY SYKES (minor), MICHAEL SYKES (minor), and SHAWN SYKES | : | |
| VS. | : | C.A. 07 369 |
| FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY | : | |

**NOTICE OF REMOVAL**

Now comes the defendant, Fidelity National Property and Casualty Insurance Company ("FNPAC"), which is a Write-Your-Own ("WYO") Program carrier participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] and appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] for the purpose of filing this Notice of Removal pursuant to 28 U.S.C. §1446, and thereby removing this matter from state court to the docket of this Honorable Court. FNPAC would respectfully show as follows:

1. On or about August 27, 2007, the plaintiffs filed an amended complaint in a lawsuit in the Superior Court for the State of Rhode Island, Kent, SC., entitled "*Anne Sykes, et al v. Fidelity National Property and Casualty Insurance Company*," bearing cause of action number KC 07-0878. A copy of the "amended complaint" filed by plaintiffs is attached hereto as part of Exhibit A.

2. For the reasons that follow, FNPAC hereby removes this case from state court to this federal court, based upon the grant of jurisdiction found at 28 U.S.C. §1331, 42 U.S.C. §4072, 28 U.S.C. §1337, and 28 U.S.C. §1367.

---

[1] 42 U.S.C. §4001, *et seq*.

[2] 44 C.F.R. §62.23(f).

[3] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna,* 143 F.3d 951, 953 (5th Cir.1998).

3. As this Court is well aware, removal is premised upon the face of a plaintiff's complaint. Therefore, FNPAC directs this Court's attention to the allegations set forth in the plaintiffs' amended complaint, which is a federal contract claim against FNPAC.

## REVIEW OF THE PLAINTIFFS' COMPLAINT

4. In summary, plaintiffs allege that in 2000, Anne Sykes purchased a "flood insurance policy through First Community Insurance Company, Policy No. 38-0009568654.[4] The policy was to insure the premises located at 102 Cochran Street against flood loss." (Exhibit A, Amended Complaint, ¶ 9). At all relevant times, this policy of insurance was in full force and effect. (*Id.*, ¶ 10). On or about April 2, 2005, the subject property allegedly suffered "extensive water damage." (*Id.*, ¶ 12). The insured presented a claim for said damages to FNPAC. (*Id.*, ¶ 13). Plaintiffs allege that in the fall of 2005, FNPAC denied coverage under the flood policy. (*Id.*, ¶ 19). Allegedly, a second flooding event occurred on or about October 15, 2005. (*Id.*, ¶ 23). Plaintiffs again contacted FNPAC to report a flood claim. (*Id.*, ¶24). Again, FNPAC allegedly failed to honor coverage under the flood policy. (*Id.*, ¶61).

5. Based upon these allegations, plaintiffs allege that FNPAC breached the policy of flood insurance. See Counts IV and VIII. Further, plaintiffs allege a myriad of purported violations under the laws of Rhode Island, including fraud, unfair and deceptive trade practice, injury through commission of a crime, breach of implied warranty of good faith, bad faith, and mental anguish.

6. Based upon these allegations, FNPAC contends that there are numerous bases for federal jurisdiction.

## THE FEDERAL REGULATORY SCHEME

7. FNPAC, as a WYO carrier, is authorized by the Federal Emergency Management Agency ("FEMA"), pursuant to the *Arrangement*,[5] to issue SFIPs on behalf of the federal government. The SFIP is a codified federal law found at 44 C.F.R., Part 61, App. A(1)(Oct. 1, 2004 ed.). The SFIP is incorporated into the Code of Federal Regulations at 44 C.F.R. §61.13(a).

---

[4] FNPAC purchased the book of business of First Community Insurance Company prior to the alleged flood losses.

[5] 44 C.F.R. Part 62, Appendix A.

8. FNPAC cannot waive, alter or amend any of the provisions of the SFIP. See 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D).

9. All flood claim payments by a WYO carrier, such as FNPAC, under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Part 62, App. A, Art. III. The U.S. Fifth Circuit has held that "payments made pursuant to that policy are 'a direct charge on the public treasury.'" *Gowland*, 143 F.3d at 955, citing to *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir.1987). The U.S. Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest in *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306 (11th Cir. 2001)(*on rehearing*). The court noted that "claim payments come out of FEMA's pocket regardless of how they are paid." *Id.* at 1311.

**THE STANDARD FLOOD INSURANCE POLICY**

10. FNPAC issued an SFIP to plaintiffs for the subject property located at 102 Cochran Street, City of West Warwick, County of Kent, Rhode Island. (Amended Complaint, ¶¶ 3, 9 ). Plaintiffs and FNPAC are the only parties to this contract of flood insurance.

11. Article IX of the SFIP states:

> This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, *et seq.*) and Federal common law.

44 C.F.R. Pt. 61, App. A(1), Art. IX. (emphasis added).

12. Plaintiffs seek to collect funds from FNPAC for damages allegedly sustained to the subject property for an April 2, 2005 event and an October 15, 2005 event.

13. Based upon plaintiffs' alleged facts and the SFIP, it is indisputable that plaintiffs are making a claim under their SFIP.

14. Clearly, the payment that plaintiffs seek from FNPAC would be a "direct charge on the public treasury," and would be "binding" upon the federal government. *Gowland,* 143 F.3d at 955; and 44 C.F.R. Part 62, App. A, Art. II(F).

**THE FEDERAL GOVERNMENT'S RULES AND THE WYO CARRIER'S ROLE**

15. As stated above, the WYO carrier, such as FNPAC, is authorized by FEMA pursuant to the *Arrangement* found at 44 C.F.R. Part 62, App. A to issue SFIPs. However, effective October 1, 2004, there was a revised *Arrangement* between FEMA and all WYO Program carriers, including FNPAC. In that revised *Arrangement*, FEMA further clarified its regulations to make clear that, in addition to disputes arising from claims and claims handling, the policy sales and administration are performed by the WYO carriers (a) in their fiduciary capacity to the government, (b) utilizing federal funds, and (c) governed by extensive federal regulations.

16. Moreover, FEMA again stated its view that "any" such litigation states a federal question. Each of these points is now clearly stated within the *Arrangement*, and in the following two paragraphs that became effective on October 1, 2004:

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies' activities when selling or administering the Standard Flood Insurance Policies; and
>
> Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder <u>raise a federal question</u>; and . . . .

(emphasis added) 44 C.F.R. Pt. 62, App. A at Article I.

17. With the inception of the WYO Program in 1983, Congress amended 42 U.S.C. §4072 to state that there will be original "exclusive" jurisdiction in federal court for actions on SFIP claims. See Pub.L. 98-181, § 451(d)(5). Thus, from the beginning of the WYO Program Congress intended for flood claims under SFIPs to be only in a federal forum.

18. Congress underwrites all operations of the NFIP through the U.S. Treasury.[7] This includes appropriations for both the adjustment of claims and the payment of those claims.[8] Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically FEMA.[9]

19. FNPAC's role, as a WYO carrier and set forth in the *Arrangement*, is to market, sell, administer, and handle claims under SFIPs that it is authorized to issue on behalf of the federal government. It is now clear that FNPAC, in its WYO capacity, is conducting all of these actions in its fiduciary capacity as the "fiscal agent" of the United States. 44 C.F.R. §62.23(f) and 42 U.S.C. §4071(a)(1).

20. Plaintiffs' effort to obtain a state court forum over these issues, is an effort to have a state court decline to uphold federal law upon these topics, and is a threat to the development of a uniform body of case law governing the NFIP on all such matters.

**FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. §1331**

21. Based upon the facts pled by plaintiffs there are numerous federal questions presented by the Petition for Damages.

22. The district court in *Jamal v. Travelers*, 97 F.Supp.2d 800, 805 (S.D. Tex. 2000), held that interpretation of the SFIP alone raises numerous federal questions.

23. Whether the plaintiffs are owed coverage under the SFIP or whether plaintiffs' claims at bar are subject to an exclusion of the SFIP, necessarily raise federal questions.

24. Notably, the United States District Court for the Eastern District of Louisiana has held numerous times in the post-Hurricane Katrina era that claims under the SFIP, whether claims handling or administration issues, convey jurisdiction under 28 U.S.C. §1331. See most recently, *Welsch v. Hartford Fire Ins. Co.*, 2007 WL 2406985, *2 (E.D.La. Aug. 21, 2007) (J. Feldman), *Kiersey v. State Farm Fire and Cas. Co.*, 2007 WL 2265034, *3 (E.D.La. Aug. 2, 2007) (J. Vance), *Coerver v. Allstate*

---

[7] 42 U.S.C. § 4017(d)(1).

[8] 42 U.S.C. § 4017(d)(1).

[9] 42 U.S.C. §§4013, 4017, 4019.

*Ins. Co.*, 2007 WL 2029482, *1-2 (E.D.La. July 10, 2007) (J. Berrigan), and *Williams v. State Farm Ins. Co.*, 2007 WL 1029477, *3 (E.D.La. Mar. 29, 2007) (J. Livaudais).

25. As such, FNPAC contends that this Court has original jurisdiction as per 28 U.S.C. §1331.

**EXCLUSIVE FEDERAL JURISDICTION UNDER 42 U.S.C. §4072**

26. FNPAC further contends that the Amended Complaint also invokes 42 U.S.C. §4072. As discussed above, plaintiffs are presenting a claim under their SFIP. As per §4072, plaintiffs' claims under the SFIP falls within the province of the original "exclusive" jurisdiction of this federal Court.

27. The U.S. Second Circuit conducted a detailed analysis of whether §4072 applies to WYO carriers. *Palmieri v. Audubon Ins. Co.*, 445 F.3d 179 (2d Cir. 2006). After studying how §4072 fits within the NFIA, the Second Circuit joined the Third and Sixth Circuits in holding that §4072 indeed applies to WYO carriers. *Id.*; see aslo, *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F. 161, 166 (3rd Cir. 1998) and *Gibson v. American Bankers Ins. Co.*, 289 F.3d 943, 946-47 (6 Cir. 2002), respectively.

28. Due to Hurricane Katrina, there have been numerous filings in the United States District Court for the Eastern District of Louisiana, it has had the occasion to analyze jurisdiction under 42 U.S.C. §4072. The court has held that claims handling matters, such as at bar, are subject to the original "exclusive" jurisdiction conveyed at §4072. See, *Welsh, supra,* at *2, *Coerver, supra,* at *1-2, and *Williams, supra,* at *3.

29. Therefore, FNPAC contends that this Court has original "exclusive" jurisdiction over the claims at bar.

**FEDERAL JURISDICTION UNDER 28 U.S.C. §1337**

30. As an additional basis for federal jurisdiction, FNPAC contends that 28 U.S.C. §1337 also applies to the case at bar. As this Court is aware, §1337 grants "original jurisdiction of any civil action or proceeding under any Act of Congress regulating commerce, ...".

31. In *C.E.R. 1988, Inc. v. The Aetna Cas. and Surety Co.*, 386 F.3d 263, 267 (3rd Cir. 2004), the court in analyzing the structure of the NFIP under the National Flood Insurance Act of 1968, as amended, held:

States have no regulatory control over the Program's operations. [FN3].

FN3. The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, § 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, *et seq.*, grants states this power except where Congress enacts legislation that "specifically relates to the business of insurance." 15 U.S.C. § 1012(b). In *Barnett Bank of Marion County v. Nelson,* 517 U.S. 25, 116 S.Ct. 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that "[t]he word 'relates' is highly general." *Id.* at 38, 116 S.Ct. 1103. Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance. (emphasis added).

32. Therefore, original jurisdiction in this Court is conveyed the 28 U.S.C. §1337.

## SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS

33. To the extent that any of the other claims of the plaintiffs are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. See *Exxon Mobile Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005).

34. Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. See, *e.g.*, *Winkler v. State Farm Fire*, 266 F.Supp.2d 509, 513-14 (S.D.Miss. 2003); and *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F. Supp.2d 800 (S.D. Tex. 2000). Handling all claims arising in this dispute in one forum will serve the interest of judicial economy and fairness. *Winkler,* 266 F.Supp.2d at 514.

## PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

35. This notice of removal, which was filed on October 3, 2007, is timely filed. As shown by Exhibit A, service was attempted on September 5, 2007, the Rhode Island Department of Insurance.

However, the service was to the incorrect address. It was then re-sent on or about September 21, 2007. (Exhibit A). Regardless, this notice of removal is within 30 days of either date and is therefore timely.

36. Venue for this removal is proper in the United States District Court for the District of Rhode Island, pursuant to 28 U.S.C. §1391, as the original suit is pending within the jurisdictional territory of this Court.

## CONCLUSION

WHEREFORE, defendant pray that this Notice of Removal will be deemed good and sufficient, and that this matter be removed from the Superior Court, State of Rhode Island, to the docket of this Honorable Court.

DEFENDANT,
By its Attorney,

Holly R. Rao

Holly R. Rao, Esq. #3539
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

## CERTIFICATION

I certify that I sent a true copy of the within on 10/3/07 to:

Thomas J. Marks, Esq.
Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903

Patricia A. Cerra