STATE OF RHODE ISLAND
KENT, SC.

SUPERIOR COURT

ANNE SYKES, individually and in her capacity as Natural Parent, Next Friend and Guardian of MICHAELA SYKES, a Minor GREGORY SYKES, a Minor, and MICHAEL MASSEY, a Minor, and SHAWN SYKES

Plaintiffs

vs.

C.A. NO.: KC 07-0878
(Jury Trial Demanded)

FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY, alias

Defendant

## AMENDED COMPLAINT

Now come the Plaintiffs, Anne Sykes, individually and in her capacity as Natural Parent, Next Friend and Guardian of Michaela Sykes (a Minor), Gregory Sykes (a Minor), and Michael Massey (a Minor), and Shawn Sykes (collectively "Plaintiffs"), and hereby complain against the Defendant, Fidelity National Property and Casualty Insurance Company ("Fidelity" or "Defendant") as follows:

### Parties

1. Plaintiff Anne Sykes is an individual residing at 102 Cochran Street in the City of West Warwick, County of Kent, State of Rhode Island.

2. Plaintiff Shawn Sykes is an individual residing at 102 Cochran Street in the City of West Warwick, County of Kent, State of Rhode Island.

EXHIBIT A

Clerk Superior Court
Keith P. Hoey
8-27-07

3. Plaintiff Michaela Sykes is a minor residing at 102 Cochran Street in the City of West Warwick, County of Kent, State of Rhode Island.

4. Plaintiff Gregory Sykes is a minor residing at 102 Cochran Street in the City of West Warwick, County of Kent, State of Rhode Island.

5. Plaintiff Michael Massey is a minor residing at 102 Cochran Street in the City of West Warwick, County of Kent, State of Rhode Island.

6. Defendant Fidelity National Property and Casualty Insurance Company is a corporation with a principal place of business in Jacksonville, Florida.

**Jurisdiction**

7. This Court possesses subject matter jurisdiction over this matter pursuant to R.I.G.L. § 8-2-14 since, *inter alia*, the amount in controversy exceeds FIVE THOUSAND AND 00/100 DOLLARS ($5,000.00).

**Venue**

8. Venue is proper in Kent County because, *inter alia*, the Plaintiffs reside therein.

**Facts**

9. In or around 2000, Anne Sykes, then known as Anne Massey, purchased a flood insurance policy through First Community Insurance Company, Policy No. 38-0009568654 ("the Policy"). The Policy was to insure the premises located at 102 Cochran Street ("the Premises") against flood loss.

10. At all times relevant hereto, Anne Sykes and her husband, Shawn Sykes, were current on their Policy premiums and their flood insurance coverage remained in full force and effect.

11. Sometime after 2000, First Community assigned, sold, or otherwise transferred its rights to the Policy to Fidelity.

12. On or about April 2, 2005, the Premises suffered extensive water damage to the first floor due to a severe rain storm.

13. Anne Sykes immediately contacted Fidelity to inform Fidelity of the damage and to file a formal claim.

14. Fidelity had twice previously paid for flood damage sustained to the same first-floor area of the Premises; $2051.40 in 2001 (Claim No. 101-0004635; date of loss 3/22/01) and $3653.55 and $178.29 in 2004 (Claim No. 104-0000335; date of loss 2/7/04).

15. Fidelity responded to Plaintiffs' April 2, 2005 loss ("the Loss") by sending an independent appraiser, Colonial Claims Corporation ("Colonial"), over to the Premises to survey the damage and provide a written estimate.

16. Sometime in or around April or May 2005, an agent of Colonial arrived at the Premises and completed an inspection of the water damage. Upon information and belief, the agent soon thereafter sent a written estimate to Colonial, who forwarded the same to Fidelity. The estimated cost to repair the damage was $14,320.97.

17. Plaintiffs also had over $5,000.00 in personal property destroyed by the water damage. Said property was covered under the "contents" coverage purchased by Plaintiffs and for which they paid a yearly premium.

18. During the spring and summer of 2005, Anne Sykes repeatedly called and wrote Fidelity asking about the status of the claim. Fidelity would always respond that the claim was still being processed.

19. Finally, in Fall 2005, Fidelity denied coverage to Plaintiffs on the basis that the Loss was to a "basement" and thus not covered by the Policy.

20. The first floor of Plaintiffs' home is not below ground and thus should not have been excluded by the relevant policy. In fact, Fidelity had twice previously paid claims to Plaintiffs for water damage to the exact same area of the Premises; $2051.40 in 2001 (Claim No. 101-0004635; date of loss 3/22/01) and $3653.55 and $178.29 in 2004 (Claim No. 104-0000335; date of loss 2/7/04).

21. Anne Sykes made repeated attempts, both over the phone and in writing, to persuade Fidelity to provide coverage, but Fidelity refused.

22. Since Plaintiffs did not have adequate funds to repair the damage, they were forced to live with the conditions.

23. On or about October 15, 2005, Plaintiffs once again suffered water damage to the same area of the Premises.

24. Anne Sykes immediately phoned Fidelity to file a claim, but Fidelity refused to even send an adjuster or other claims handler to the Premises.

25. Upon information and belief, Fidelity never opened a file for the October 15, 2005 loss, despite repeated requests by Anne Sykes.

26. Since Plaintiffs still did not have adequate funds to repair the damage, they were forced to live with the now worsened conditions.

27. Over time, the water damage produced severe mold. The mold greatly exacerbated a severe asthmatic condition suffered by toddler Michaela Sykes. She experienced significant pain and suffering and was forced to resume taking certain

respiratory medication, the side effects of which have, over time, led to increased problems with her lungs.

28. Gregory Sykes, also a toddler, experienced both physical and emotional pain and suffering due to the mold infested conditions of the first floor of the Premises.

29. Michael Massey, a teenager, experienced both physical and emotional pain and suffering due to the mold infested conditions of the first floor of the Premises.

30. Anne and Shawn Sykes suffered mental anguish and emotional distress due to the mold infested conditions of the first floor of the Premises.

31. Plaintiffs were forced to live in the mold-infested Premises until late 2006, when Anne and Shawn Sykes were finally able to obtain a home equity line to hire a contractor and repair the damage.

**<u>Count I</u>**
**(Fraud)**

32. Plaintiffs incorporate the allegations contained in Paragraphs 1-31 of their Complaint as if set forth fully herein.

33. Defendant represented to Plaintiffs that if they paid an annual premium for the year 2005, the Premises would be insured against flood loss.

34. Defendant made this representation knowing that if Plaintiffs suffered a flood loss in 2005, no coverage would be provided.

35. Defendant made this representation in order to induce Plaintiffs to rely thereon.

36. Plaintiffs reasonably and justifiably relied on this representation and have suffered damages as a result.

WHEREFORE, your Plaintiffs request that this Honorable Court enter judgment in their favor and against the Defendant and award your Plaintiffs compensatory damages; punitive damages; costs and reasonable attorney fees; and any other further relief, legal or equitable, that this Honorable Court shall deem meet and just.

**<u>Count II</u>**
**(Unfair and Deceptive Trade Practice)**
**(Violation of R.I.G.L. § 6-13.1-1)**

37. Plaintiffs incorporate the allegations contained in Paragraphs 1-36 of their Complaint as if set forth fully herein.

38. Defendant's misrepresentation constitutes an unlawful, fraudulent and unfair business practice.

WHEREFORE, your Plaintiffs request that this Honorable Court enter judgment in their favor and against the Defendant and award your Plaintiffs compensatory damages; punitive damages; costs and reasonable attorney fees; and any other further relief, legal or equitable, that this Honorable Court shall deem meet and just.

**<u>Count III</u>**
**(Injury Through Commission of a Crime)**
**(R.I.G.L. §§ 11-41-4 and 9-1-2)**

39. Plaintiffs incorporate the allegations contained in Paragraphs 1-38 of their Complaint as if set forth fully herein.

40. The aforesaid misrepresentation was made with the intent to cheat and/or defraud Plaintiffs and said conduct constitutes a crime of obtaining money by false pretenses, as set forth in R.I.G.L. § 11-41-4.

41. As a proximate result of such crime, Plaintiffs have been injured.

WHEREFORE, your Plaintiffs request that this Honorable Court enter judgment in their favor and against the Defendant and award your Plaintiffs compensatory damages; double damages in accordance with R.I.G.L. § 9-1-2; punitive damages; costs and reasonable attorney fees in accordance with R.I.G.L. § 9-1-2; and any other further relief, legal or equitable, that this Honorable Court shall deem meet and just.

**APRIL 2, 2005 LOSS**

**Count IV**
**(Breach of Contract)**
**(Attorney Fees Pursuant to R.I.G.L. § 9-1-45)**

42. Plaintiffs incorporate the allegations contained in Paragraphs 1-41 of their Complaint as if set forth fully herein.

43. Plaintiffs agreed to pay annual premiums to Defendant in return for Defendant's providing flood insurance coverage for the Premises.

44. Plaintiffs paid such premiums in a timely manner and the Policy was in full force and effect at the time of the Loss.

45. Defendant breached the parties' agreement by refusing to provide coverage to Plaintiffs for the Loss, even though the Loss was covered by the Policy.

46. Plaintiffs have been damaged as a result of Defendant 's breach in an amount to be determined at the time of trial.

WHEREFORE, Plaintiffs request that this Honorable Court enter judgment in their favor and against the Defendant and award your Plaintiffs their actual, incidental and consequential damages resulting from the Defendant's breach; costs and reasonable

attorney fees and expenses incurred as set forth in R.I.G.L. § 9-1-45; and any other further relief, legal or equitable, that this Honorable Court shall deem meet and just.

**Count V**
**(Breach of Implied Warranty of Good Faith)**
**(Attorney Fees Pursuant to R.I.G.L. § 9-1-45)**

47. Plaintiffs incorporate the allegations contained in Paragraphs 1-46 of their Complaint as if set forth fully herein.

48. Implicit in the contract between Plaintiffs and Defendant was a warranty of good faith pursuant to which each party promised to deal with the other in good faith in the performance of the contract.

49. Defendant breached the implied warranty of good faith by refusing to provide coverage for the Loss, even though Plaintiffs had performed all of their contractual obligations, and despite the Loss being covered by the Policy.

50. Plaintiffs have been damaged as a result of Defendant's breach in an amount to be determined at the time of trial.

WHEREFORE, your Plaintiffs request that this Honorable Court enter judgment in their favor and against the Defendant and award your Plaintiffs their actual, incidental and consequential damages resulting from the Defendant's breach; costs and reasonable attorney fees and expenses incurred as set forth in R.I.G.L. § 9-1-45; and any other further relief, legal or equitable, that this Honorable Court shall deem meet and just.

**Count VI**
**(Bad Faith)**
**(Violation of R.I.G.L. § 9-1-33)**

51. Plaintiffs incorporate the allegations contained in Paragraphs 1-50 of their Complaint as if set forth fully herein.

52. Defendant lacked a reasonable basis for denying Plaintiffs' claim.

53. Defendant either knew there was no reasonable basis for the denial, or acted with reckless disregard for whether there was such reasonable basis.

WHEREFORE, your Plaintiffs request that this Honorable Court enter judgment in their favor and against the Defendant and award your Plaintiffs compensatory damages; punitive damages; costs and reasonable attorney fees; and any other further relief, legal or equitable, that this Honorable Court shall deem meet and just.

**Count VII**
**(Mental Anguish)**

54. Plaintiffs incorporate the allegations contained in Paragraphs 1-53 of their Complaint as if set forth fully herein.

55. Defendant's breaches interfered with Plaintiffs' quiet enjoyment of the Premises.

56. As a result of such interference, Plaintiffs suffered mental and emotional anguish.

57. As a result of such interference, Plaintiffs experienced physical pain and suffering.

WHEREFORE, your Plaintiffs request that this Honorable Court enter judgment in their favor and against the Defendant and award your Plaintiffs compensatory damages; punitive damages; costs and reasonable attorney fees; and any other further relief, legal or equitable, that this Honorable Court shall deem meet and just.

**OCTOBER 15, 2005 LOSS**

**Count VIII**
**(Breach of Contract)**
**(Attorney Fees Pursuant to R.I.G.L. § 9-1-45)**

58. Plaintiffs incorporate the allegations contained in Paragraphs 1-57 of their Complaint as if set forth fully herein.

59. Plaintiffs agreed to pay annual premiums to Defendant in return for Defendant's providing flood insurance coverage for the Premises.

60. Plaintiffs paid such premiums in a timely manner and the Policy was in full force and effect at the time of the Loss.

61. Defendant breached the parties' agreement by refusing to provide coverage to the Plaintiffs for the Loss, even though the Loss was covered by the Policy.

62. Plaintiffs have been damaged as a result of Defendant's breach in an amount to be determined at the time of trial.

WHEREFORE, your Plaintiffs request that this Honorable Court enter judgment in their favor and against the Defendant and award your Plaintiffs their actual, incidental and consequential damages resulting from the Defendant's breach; costs and reasonable attorney fees and expenses incurred as set forth in R.I.G.L. § 9-1-45; and any other further relief, legal or equitable, that this Honorable Court shall deem meet and just.

**Count IX**
**(Breach of Implied Warranty of Good Faith)**
**(Attorney Fees Pursuant to R.I.G.L. § 9-1-45)**

63. Plaintiffs incorporate the allegations contained in Paragraphs 1-62 of their Complaint as if set forth fully herein.

64. Implicit in the contract between the Plaintiffs and Defendant was a warranty of good faith pursuant to which each party promised to deal with the other in good faith in the performance of the contract.

65. Defendant breached the implied warranty of good faith by refusing to provide coverage for the Loss, even though Plaintiffs had performed all of their contractual obligations, and despite the Loss being covered by the Policy.

66. Plaintiffs have been damaged as a result of Defendant's breach in an amount to be determined at the time of trial.

WHEREFORE, your Plaintiffs request that this Honorable Court enter judgment in their favor and against the Defendant and award your Plaintiffs their actual, incidental and consequential damages resulting from the Defendant's breach; costs and reasonable attorney fees and expenses incurred as set forth in R.I.G.L. § 9-1-45; and any other further relief, legal or equitable, that this Honorable Court shall deem meet and just.

**Count X**
**(Bad Faith)**
**(Violation of R.I.G.L. § 9-1-33)**

67. Plaintiffs incorporate the allegations contained in Paragraphs 1-66 of their Complaint as if set forth fully herein.

68. Defendant lacked a reasonable basis for denying Plaintiffs' claim.

69. Defendant either knew there was no reasonable basis for the denial, or acted with reckless disregard for whether there was such reasonable basis.

WHEREFORE, your Plaintiffs request that this Honorable Court enter judgment in their favor and against the Defendant and award your Plaintiffs compensatory damages; punitive damages; costs and reasonable attorney fees; and any other further relief, legal or equitable, that this Honorable Court shall deem meet and just.

**Count XI**
**(Mental Anguish)**

70. Plaintiffs incorporate the allegations contained in Paragraphs 1-69 of their Complaint as if set forth fully herein.

71. Defendant's breaches interfered with Plaintiffs' quiet enjoyment of the Premises.

72. As a result of such interference, Plaintiffs suffered mental and emotional anguish.

73. As a result of such interference, Plaintiffs experienced physical pain and suffering.

WHEREFORE, your Plaintiffs request that this Honorable Court enter judgment in their favor and against the Defendant and award your Plaintiffs compensatory damages; punitive damages; costs and reasonable attorney fees; and any other further relief, legal or equitable, that this Honorable Court shall deem meet and just.

**JURY TRIAL DEMANDED**

**Plaintiffs hereby demand a trial by jury on all counts so triable, and designate Thomas J. Marks as their trial counsel.**

PLAINTIFFS,
By their Attorney,

Thomas J. Marks, Esq. #7158
Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641
tjm@decof.com

Dated: August 27, 2007

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Business Regulation
INSURANCE DIVISION
233 Richmond Street, Suite 233
Providence, RI 02903 - 4233
TELEPHONE NO. (401) 222-2223

FAX No. (401) 222-5475
TDD No. (401) 222-2999

September 5, 2007

Fidelity National Property & Casualty Insurance Company
Mr. Mark O. Daveyn Roeyen
10301 Deerwood Park Blvd., Ste 100
Jacksonville FL 32256

Dear Mr. Daveyn Roeyen:

Enclosed is a copy of an amended complaint served upon me in the case of:

**Anne Sykes, et al**

**vs**

**Fidelity National Property and Casualty Insurance Company**

Kindly acknowledge receipt of the above at your earliest convenience.

RETURN DATE (WITHIN 20 DAYS)

Very truly yours,

Joseph Torti III

Associate Director/Superintendent of Insurance

RECEIVED
SEP 18 2007 JC
STATE OF RHODE ISLAND
INSURANCE DIVISION

DMA
Enclosures

CERTIFIED MAIL

..IODE ISLAND AND PROVIDENCE PLANTATIONS
..ient of Business Regulation
..RANCE DIVISION
..3 Richmond Street, Suite 233
Providence, R.I. 02903-4233

CERTIFIED MAIL™

7006 0100 0001 2940 2206

UNITED STATES POSTAGE
PITNEY BOWES
02 1M
0004225471
$ 03.79⁰
SEP 21 2007
MAILED FROM ZIP CODE 02903

Fidelity National Property & Casualty Insurance Company
601 Riverside Avenue
Bldg. 5, Ste 200
Jacksonville FL 32204

32204+2950 C004

CERTIFIED MAIL™

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
Department of Business Regulation
INSURANCE DIVISION
233 Richmond Street, Suite 233
Providence, R.I. 02903-4233

7006 0100 0001 2940 2091

NIXIE 322 SE 1 75 09/11/07
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 02903423399 *2722-02224-06-43

UNITED STATES POSTAGE
PITNEY BOWES
02 1M
0004225471
$ 03.79⁰
SEP 06 2007
MAILED FROM ZIP CODE 02903

Fidelity National Property & Casualty Insurance Company
Mr. Mark O. Daveyn Roeyen
10301 Deerwood Park Blvd., Ste 100
Jacksonville FL 32256

32256029034233