HRR:ljc 7125/1 \pleading\71251Answer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANNE SYKES, Individually, and on Behalf of MICHAELA SYKES (Minor), GREGORY SYKES (Minor), MICHAEL SYKES (Minor), and SHAWN SYKES | : | |
| VS. | : | C.A. No. 1:07-cv-00369-ML-LDA |
| FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY | : | |

**ANSWER AND AFFIRMATIVE DEFENSES**

NOW comes the defendant, FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY ("FNPAC"), which is a Write-Your-Own ("WYO") Program carrier participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] and appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] for the purpose of filing this answer and affirmative defenses to plaintiffs' amended complaint.

**ANSWER**

Defendant, FNPAC, hereby responds to the specific allegations contained in the amended complaint, as follows:

1. Neither admitted nor denied, as defendant is without sufficient information as to the veracity of the allegations contained in this paragraph.

---

[1] 42 U.S.C. §4001, *et seq.*

[2] 44 C.F.R. §62.23(f).

[3] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna,* 143 F.3d 951, 953 (5th Cir.1998).

2. Neither admitted nor denied, as defendant is without sufficient information as to the veracity of the allegations contained in this paragraph.

3. Neither admitted nor denied, as defendant is without sufficient information as to the veracity of the allegations contained in this paragraph.

4. Neither admitted nor denied, as defendant is without sufficient information as to the veracity of the allegations contained in this paragraph.

5. Neither admitted nor denied, as defendant is without sufficient information as to the veracity of the allegations contained in this paragraph.

6. The allegations contained in paragraph 6 are admitted with the clarification that FNPAC is appearing herein as a WYO carrier and as the fiscal agent of the United States. See 42 U.S.C. § 4071(a)(1) and 44 C.F.R. §62.23(g).

## JURISDICTION

7. The allegations contained in paragraph 7 regarding jurisdiction are denied. Answering further, jurisdiction over this matter is exclusive to this Federal Court as per 42 U.S.C. §4072. Moreover, federal question jurisdiction is also granted under 28 U.S.C. §1331. This Court has discretion to exercise supplemental jurisdiction over the plaintiffs' state law based causes of action pursuant to 28 U.S.C. §1367.

## VENUE

8. The allegations contained in paragraph 8 are denied. Answering further, FNPAC contends that venue is proper in the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. §1391(b).

## FACTS

9. The allegations contained in paragraph 9 are admitted upon information and belief.

10. The allegations contained in paragraph 10 are admitted.

11. The allegations contained in paragraph 11 are admitted to the extent that FNPAC purchased the book of business of SFIPs originally issued by First Community Insurance Company.

12. The allegations contained in paragraph 12 are denied.

13. The allegations contained in paragraph 13 are admitted to the extent that the plaintiffs contacted FNPAC to report an alleged claim under the SFIP.

14. The allegations contained in paragraph 14 are admitted.

15. The allegations contained in paragraph 15 are admitted.

16. The allegations contained in paragraph 16 are denied for lack of sufficient information.

17. The allegations contained in paragraph 17 are denied for lack of sufficient information.

18. The allegations contained in paragraph 18 are denied as being vague, ambiguous, and lacking in sufficient specificity to properly respond.

19. The allegations contained in paragraph 19 are admitted.

20. The allegations contained in paragraph 20 are denied.

21. The allegations contained in paragraph 21 are denied as being vague, ambiguous and lacking in sufficient specificity to properly respond.

22. The allegations contained in paragraph 22 are denied for lack of sufficient information.

23. The allegations contained in paragraph 23 are denied for lack of sufficient information.

24. The allegations contained in paragraph 24 are denied.

25. The allegations contained in paragraph 25 are denied.

26. The allegations contained in paragraph 26 are denied for lack of sufficient information.

27. The allegations contained in paragraph 27 are denied for lack of sufficient information.

28. The allegations contained in paragraph 28 are denied for lack of sufficient information.

29. The allegations contained in paragraph 29 are denied for lack of sufficient information.

30. The allegations contained in paragraph 30 are denied for lack of sufficient information.

31. The allegations contained in paragraph 31 are denied for lack of sufficient information.

**COUNT I**
***(Fraud)***

32. The allegations contained in paragraph 32 in which the plaintiffs incorporate the prior allegations are responded to by FNPAC reaverring all prior responses herein.

33. The allegations contained in paragraph 33 are denied as written. The plaintiffs are charged with the knowledge of what is covered under the Standard Flood Insurance Policy, as it is a codified federal regulation.

34. The allegations contained in paragraph 34 are denied.

35. The allegations contained in paragraph 35 are denied.

36. The allegations contained in paragraph 36 are denied. Answering further, the allegations contained in Plaintiffs' unnumbered paragraph following paragraph 36, to the extent that an answer is required, are denied.

WHEREFORE, defendant demands judgment against the plaintiffs.

**COUNT II**
***(Unfair and Deceptive Trade Practice)***
***(Violation of R.I.G.L. §6-13.1-1)***

37. The allegations contained in paragraph 37 in which the plaintiffs incorporate all prior allegations are responded to by FNPAC reaverring all prior responses herein.

38. The allegations contained in paragraph 38 and the unnumbered paragraph following said paragraph are denied.

WHEREFORE, defendant demands judgment against the plaintiffs.

**COUNT III**
***(Injury through Commission of a Crime)***
***(R.I.G.L. §§11-41-4 and 9-1-2)***

39. The allegations contained in paragraph 39 in which the plaintiffs incorporate all prior allegations are responded to by FNPAC reaverring all prior responses herein .

40. The allegations contained in paragraph 40 are denied, as such allegations are, or call for, legal conclusions based upon substantive issues of fact and/or law.

41. The allegations contained in paragraph 41 are denied, as such allegations are, or call for, a legal conclusion based upon substantive issues of fact and/or law. Answering further, plaintiffs' unfounded accusations are defamatory in nature. Moreover, the allegations contained in plaintiffs' unnumbered paragraph following paragraph 41, to the extent that an answer is required, are denied.

WHEREFORE, defendant demands judgment against the plaintiffs.

**APRIL 2, 2005 LOSS**

**COUNT IV**
***(Breach of Contract)***
***(Attorney Fees Pursuant to R.I.G.L. §9-1-45)***

42. The allegations contained in paragraph 42 in which the plaintiffs incorporate all prior allegations are responded to by FNPAC reaverring all prior responses herein.

43. The allegations contained in paragraph 43 are admitted with the clarification that flood insurance coverage is provided pursuant to the federal government's Standard Flood Insurance Policy found at 44 C.F.R. Pt.61 App. A(1)(October 1, 2004 Ed.).

44. The allegations contained in paragraph 44 are admitted.

45. The allegations contained in paragraph 45 are denied, as such allegations are, or call for, a legal conclusion based upon substantive issues of fact and/or law.

46. The allegations contained in paragraph 46 are denied, as such allegations are premised upon legal conclusions. Answering further, the allegations contained in the unnumbered paragraph following paragraph 46, to the extent that an answer is required, are denied.

WHEREFORE, defendant demands judgment against the plaintiffs.

**COUNT V**
***(Breach of Implied Warranty of Good Faith)***
***(Attorney Fees Pursuant to R.I.G.L. §9-1-45)***

47. The allegations contained in paragraph 47 in which plaintiffs incorporate all prior allegations are responded to by FNPAC reaverring all prior responses herein.

48. The allegations contained in paragraph 48 are denied and denied as written. Answering further, nowhere in the NFIA is there an implicit warranty of any sort or type.

49. The allegations contained in paragraph 49 are denied as such allegations are, or call for, legal conclusions based upon substantive issues of fact and/or law.

50. The allegations contained in paragraph 50 are denied as being a legal conclusion. Answering further, the allegations contained in the unnumbered paragraph following paragraph 50, to the extent that an answer is required, are denied.

WHEREFORE, defendant demands judgment against the plaintiffs.

**COUNT VI**
***(Bad Faith)***
***(Violation of R.I.G.L. §9-1-33)***

51. The allegations contained in paragraph 51 in which the plaintiffs incorporate all prior allegations are responded to by FNPAC reaverring all prior responses herein.

52. The allegations contained in paragraph 52 are denied.

53. The allegations contained in paragraph 53 are denied. Answering further, the allegations contained in the unnumbered paragraph following paragraph 53, to the extent that an answer is required, are denied.

WHEREFORE, defendant demands judgment against the plaintiffs.

**COUNT VII**
***(Mental Anguish)***

54. The allegations contained in paragraph 54 in which the plaintiffs incorporate all prior allegations are responded to by defendant FNPAC reaverring all prior responses herein.

55. The allegations contained in paragraph 55 are denied, as such allegations are premised upon a legal conclusion.

56. The allegations contained in paragraph 56 are denied, as such allegations are, or call for, legal and medical conclusions based upon substantive issues of fact and/or law.

57. The allegations contained in paragraph 57 are denied, as such allegations are, or call for legal and medical conclusions based upon substantive issues of fact and/or law. Answering further, the allegations contained in the unnumbered paragraph following paragraph 57, to the extent that an answer is required, are denied.

WHEREFORE, defendant demands judgment against the plaintiffs.

**OCTOBER 15, 2005 LOSS**

**COUNT VIII**
***(Breach of Contract)***
***(Attorney Fees Pursuant to R.I.G.L. §9-1-45)***

58. The allegations contained in paragraph 58 in which plaintiffs incorporate all prior allegations are responded to by defendant FNPAC reaverring all prior responses herein.

59. The allegations contained in paragraph 59 are admitted with the clarification that both parties are bound by the NFIA, the Code of Federal Regulations, and the United States Code.

60. The allegations contained in paragraph 60 are admitted.

61. The allegations contained in paragraph 61 are denied, as such allegations are, or call for, a legal conclusion based upon substantive issues of fact and/or law.

62. The allegations contained in paragraph 62 are denied, as such allegations are premised upon a legal conclusion. Answering further, the allegations contained in the unnumbered paragraph following paragraph 62, to the extent that an answer is required, are denied.

WHEREFORE, defendant demands judgment against the plaintiffs.

**COUNT IX**
***(Breach of Implied Warranty of Good Faith)***
***(Attorney Fees Pursuant to R.I.G.L. §9-1-45)***

63. The allegations contained in paragraph 63 in which the plaintiffs incorporate all prior allegations are responded to by defendant FNPAC reaverring all prior responses herein.

64. The allegations contained in paragraph 64 are denied, as such allegations are premised upon legal conclusions. Answering further, nowhere in the NFIA, Code of Federal Regulations or the United States Code are there implicit warranties with respect to the NFIP.

65. The allegations contained in paragraph 65 are denied, as such allegations are, or call for, legal conclusions based upon substantive issues of fact and/or law.

66. The allegations contained in paragraph 66 are denied as such allegations are premised upon a legal conclusion. Answering further, the allegations contained in the unnumbered paragraph following paragraph 66, to the extent that an answer is required, are denied.

WHEREFORE, defendant demands judgment against the plaintiffs.

**COUNT X**
***(Bad Faith)***
***(Violation of R.I.G.L. §9-1-33)***

67. The allegations contained in paragraph 67 in which plaintiffs incorporate all prior allegations are responded to by FNPAC reaverring all prior responses herein.

68. The allegations contained in paragraph 68 are denied.

69. The allegations contained in paragraph 69 are denied. Answering further, the allegations contained in the unnumbered paragraph following paragraph 69, to the extent that an answer is required, are denied.

WHEREFORE, defendant demands judgment against the plaintiffs.

**COUNT XI**
***(Mental Anguish)***

70. The allegations contained in paragraph 70 in which plaintiffs incorporate all prior allegations are responded to by Defendant FNPAC reaverring all prior responses herein.

71. The allegations contained in paragraph 71 are denied.

72. The allegations contained in paragraph 72 are denied.

73. The allegations contained in paragraph 73 are denied. Answering further, the allegations contained in the unnumbered paragraph following paragraph number 73, to the extent that an answer is required, are denied.

WHEREFORE, defendant demands judgment against the plaintiffs.

The allegations contained in the section entitled "Jury Trial Demanded" appears to require no answer of defendant FNPAC. However, Defendant FNPAC contends that trial by jury is not permissible against WYO carriers participating in the NFIP, and it intends to contest plaintiffs' jury demand.

## AFFIRMATIVE DEFENSES

NOW COMES defendant, Fidelity National Property and Casualty Insurance Company, for the purpose of asserting the following affirmative defenses:

### I. NO CAUSE OF ACTION

Defendant affirmatively pleads that plaintiffs' complaint fails to set forth a claim upon which relief may be granted by this Honorable Court.

### II. NO RIGHT OF ACTION

Defendant affirmatively pleads that there are no "implied" private rights of action available in the context of the comprehensive and pervasive statutory and regulatory scheme that is commonly referred to as the National Flood Insurance Program. To the extent that plaintiffs seek any recovery from the defendant under federal law beyond what is provided for in the text of the SFIP, defendant affirmatively asserts that no right of action exists.

### III. JURISDICTION AND VENUE

Defendant affirmatively pleads that jurisdiction and venue over this dispute are exclusive to this Honorable Court pursuant to 42 U.S.C. §4072 and 44 C.F.R. Pt. 61, App. A(1), Art. VII(R). Jurisdiction is also appropriate in this Court pursuant to 28 U.S.C. §1331. Jurisdiction over any state law claims exists pursuant to 28 U.S.C. §1367.

### IV. TIME BARRED

Defendant affirmatively pleads that plaintiffs' lawsuit is time barred under federal law. As per 44 C.F.R. Pt. 61, App. A(1), Article VII(R) and 42 U.S.C. §4072, which require the plaintiffs to file suit within one (1) year of the disallowance of all or part of their claim.

### V. THE INSURING AGREEMENT

Defendant affirmatively pleads that the responsibilities of the WYO Program carrier to the Insured, and vice versa, are provided in the insuring agreement of the SFIP. 44 C.F.R. Pt. 61, App. A(1) at "Agreement." Pursuant to that regulation/contract, plaintiffs have no cause to complain of the strictures of the NFIP, for they agreed to be bound by all program rules as a condition of the policy of flood insurance purchased.

## VI. CHARGED WITH KNOWLEDGE

Defendant affirmatively pleads that the plaintiffs are charged with the knowledge of the terms and conditions of the Standard Flood Insurance Policy and the requirements under the National Flood Insurance Program as a matter of federal law.

## VII. DUTIES OF THE INSURED

Defendant affirmatively pleads that plaintiffs are responsible for reading their Standard Flood Insurance Policy, as well as any renewal notices, and are presumed to know the provisions of the policy, including the insurer's limits of liability, the coverages provided under the policy, and the limitations and exclusions thereunder.

## VIII. THE DECLARATIONS PAGE

Defendant affirmatively pleads that the Declarations Page is a part of the SFIP itself. The Declarations Page describes the term of the policy, limits of coverage, and displays the premium. The question of whether plaintiffs are entitled to anything under the SFIP policy at issue, and if so, how much, is strictly governed by the policy's declarations page, and all of the policy's terms and conditions as set forth in the SFIP at 44 C.F.R. Pt. 61, App. A(1), *in pari materia* with all applicable provisions of the Code of Federal Regulations, as well as the National Flood Insurance Act itself.

## IX. FISCAL AGENT STATUS

Defendant affirmatively pleads that by statute, the defendant is the fiscal agent of the United States. 42 U.S.C. §4071(a)(1). By regulation, defendant's fiduciary duty is owed to FEMA, and is "to assure that any taxpayer funds are accounted for and appropriately expended." 44 C.F.R. §62.23(f). Also by regulation, all company claim standards are subordinate to FEMA's nationally uniform and preset claims standards that FEMA has devised on authority of 42 U.S.C. §4019. Those standards govern all of the WYO Program companies and all of the insureds in a nationally uniform manner.

## X. CONDITIONS PRECEDENT

Defendant affirmatively pleads that plaintiffs' SFIP expressly conditions the right to sue for further benefits under the policy upon the Plaintiffs' prior compliance with "all the requirements of the policy." In order to obtain the federal benefits that the plaintiffs are seeking under the policy, plaintiffs must meet their burden of proof to establish their pre-suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the notice of loss, separation of property, documentation, cooperation, proof of loss, and other requirements. See 44 C.F.R. Pt. 61, App. A(1), Art. VII, each provision of which is expressly pleaded herein by reference.

## XI. DOCUMENTATION REQUIREMENT

Defendant affirmatively pleads that pursuant to Article VII(K) of the SFIP, defendant is specifically requesting in writing that the plaintiffs furnish a complete inventory of the lost, damaged, or destroyed property, including quantities and cost, actual cash values, amounts of loss claimed, and any written plans and specifications for repair. Further, as per Article VII(J)(3), the plaintiffs must attach all bills, receipts and related documents, particularly if the repairs have been completed. Additionally, plaintiffs should provide the requested documentation in such a format as to clearly show the materials, supplies and repairs correlate to damaged items claimed.

## XII. LIMITATIONS AND EXCLUSIONS

Defendant affirmatively pleads that those limitations of coverage set forth under Articles III and IV, as well as those exclusions set forth at Article V.

ARTICLE III COVERAGE A – BUILDING COVERAGE – The SFIP provides coverage for direct physical loss by or from flood to the dwelling at the described location, subject to the limitations set forth at paragraphs 1 through 8 inclusive. More particularly, the damages complained of by the plaintiffs are subject to the basement limitations found in subpart 8.

ARTICLE III COVERAGE B – PERSONAL PROPERTY – If the plaintiffs have purchased personal property coverage, the SFIP provides coverage for direct physical loss by or from flood to personal property inside a building at the described location, subject to the limitations set forth at paragraphs 1 through 7 inclusive.

ARTICLE III COVERAGE C – OTHER COVERAGES – The SFIP provides for debris removal and loss avoidance measures only the extent described in Coverage C, paragraphs 1 and 2.

ARTICLE III COVERAGE D – INCREASED COST OF COMPLIANCE – The SFIP provides coverage for complying with a State or local floodplain management law or ordinance affecting repair or reconstruction of a structure suffering flood damage, but only for those activities that are eligible, including elevation, floodproofing, relocation, or demolition (or any combination of those activities), subject to the terms and provisions in paragraphs 1 through 5 inclusive.

ARTICLE IV PROPERTY NOT COVERED – Defendant avers as an affirmative defense those specific items of property described in paragraphs 1 through 16 inclusive for which coverage is not provided under the SFIP even if the damages to those items were caused directly by or from flooding.

ARTICLE V EXCLUSIONS – The SFIP excludes coverage for those losses or damages set forth in paragraphs A through F; these exclusions include but are not limited to: loss of revenue or profits; loss of access; loss of use; loss of interruption of business or production; any additional living expenses; cost of compliance except for those activities described in Coverage D – Increased Cost of Compliance;

any other economic loss; a loss in progress when the policy term begins or coverage is added; earth movement; damages by water other than by flooding defined under the policy; theft, fire, explosion, wind or windstorm; alteration of the insured property that significantly increases the risk of flooding; and/or testing or monitoring of pollutants unless required by law or ordinance.

## XIII. MITIGATION

Defendant affirmatively pleads that if any of the plaintiffs' damages are a result of a failure by the plaintiffs to take reasonable steps to mitigate the loss, those damages are not recoverable.

## XIV. REQUIREMENTS IN CASE OF LOSS

Defendant affirmatively pleads that plaintiffs have failed to meet the requirements set forth in Article VII(J) of the SFIP. The plaintiffs have failed to meet the following requirements: a) plaintiffs must separate the damaged and undamaged property in order for the WYO carrier to examine it; b) plaintiffs must prepare an inventory of the damaged property showing the quantity, description, actual cash value, amount of the loss, and attach all bills, receipts, and related documents; c) plaintiffs must submit a timely, complete, signed and sworn proof of loss statement for the damages sought in this case, setting forth the information required in paragraph (4)(a) through (I), for the damages sought in this lawsuit; and d) plaintiffs must cooperate with the adjuster or representative in the investigation of the claim.

## XV. DUTIES OF THE ADJUSTER

Defendant affirmatively pleads that the insurance adjuster is provided as a courtesy only, and he or she may provide the insured with a proof of loss form and may assist the insured in completing it. However, it is the insured's duty to comply with the proof of loss requirement even if the adjuster does not provide the form or help in completing it. Further, the insurance adjuster is not authorized to approve or disapprove claims or whether the WYO carrier will approve the insured's claim.

## XVI. WAIVERS

Defendant affirmatively pleads that FEMA has reserved unto itself the exclusive authority to waive program requirements. See 44 C.F.R. §61.13(d), §62.23(k), and SFIP Article VII(D). Defendant affirmatively pleads that it cannot legally waive program requirements; instead, it is required by the Constitution and judicial precedent to strictly construe and enforce all of FEMA's requirements for NFIP claims disputes. Respectfully, defendant asserts that this Court is subject to the exact same limitations.

## XVII. NO DETRIMENTAL RELIANCE

Defendant affirmatively pleads that plaintiffs cannot rely on any alleged misrepresentations of the defendant or any other person, whether an employee of defendant or otherwise. Further, no theory of detrimental reliance upon any alleged misrepresentations can possibly succeed in this case as a matter of law. United States Supreme Court precedents bar such claims in the context of federal insurance programs. Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of federal law. 44 C.F.R. §61.5(e). Similarly, the SFIP bars all claims of reliance in the context of claims issues. 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(5), (7), and (8).

## XVIII. GOVERNANCE OF FEMA'S GUIDELINES

Defendant affirmatively pleads that defendant is a signatory to the National Flood Insurance Act of 1968, and applicable federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B, and is authorized by the Federal Insurance Administration to issue the SFIP on behalf of the federal government under defendant's logo. Defendant agrees to abide by all rules and regulations promulgated by the Federal Insurance Administration and the Federal Emergency Management Agency when it issues a SFIP. Defendant does not have the authority to change, alter, or interpret the underwriting or claims guidelines of the flood program. The Federal Insurance Administrator is the sole authority.

## XIX. CONSTITUTIONAL ISSUES

Defendant affirmatively pleads that, pursuant to the Appropriations Clause, no recovery may be allowed to the plaintiffs beyond recoveries that are authorized and sanctioned by the Congress via the express statutes and regulations of this program. Pursuant to the Supremacy Clause, all federal rules and regulations preempt and displace any rule or regulation of the states bearing upon the same subject matter. As the states have no power to regulate the National Flood Insurance Program via the congressional tender found in the McCarren-Ferguson Act, defendant asserts under the Commerce Clause that the states have no regulatory authority over the NFIP operations of FEMA's WYO Program carriers at all. Pursuant to the separation of powers doctrine, defendant respectfully submits that the role of the courts in a dispute of this type is limited by the principles set forth by the Supreme Court in the section on "policy" in *Chevron v. Natural Resources Defense Council*, 104 S.Ct. 2778 (1984).

## XX. PAYMENT FOR THE HANDLING OF CLAIMS

Defendant affirmatively pleads that the defendant WYO carrier has no reason to act in bad faith or in a deceptive or unfair manner, as it receives a 3.3% commission for every dollar paid to an insured under an SFIP. See 44 C.F.R. Part 62, App. A, Art. III (C)(1). In other words, the greater the amount paid to an insured under an SFIP, the higher the fee the WYO carrier will receive from the federal government for handling the claim.

**XXI. EXTRA-CONTRACTUAL CLAIMS**

Defendant affirmatively pleads that all of the plaintiffs' extra-contractual claims set forth in the complaint are preempted and/or barred by federal constitutional, statutory and regulatory law.

**XXII. LOSS PAYEES**

Defendant affirmatively pleads that, in the event of any recovery by the plaintiffs, defendant affirmatively asserts the mortgage clause of the SFIP, and affirmatively asserts that the name of any lending institution or other loss payee must be included in any judgment or payment in this case. If there are other entities, *e.g.* SBA or State of Louisiana, Division of Administration, Office of Community Development (a/k/a "Road Home"), that are entitled to have their interests protected on any further checks, then those requirements are pleaded herein as well.

**XXIII. NO JURY**

Defendant affirmatively pleads and contends that trial by jury is not available against WYO Program carriers. As such, defendant intends to contest the plaintiffs' jury demand.

WHEREFORE, defendant, Fidelity National Property and Casualty Insurance Company, prays that this answer and affirmative defenses be deemed good and sufficient, and that after due proceedings are had, there be a judgment in favor of this defendant and against the plaintiffs, dismissing all claims with prejudice, and that cost be taxed to the plaintiffs.

DEFENDANT,
By its Attorney,

/s/ Holly R. Rao, Esq. #3539
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on to:

Thomas J. Marks, Esq.
Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903

/s/