**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ANNE SYKES, individually, and on
behalf of M.S. (Minor), G.S. (Minor), and
M.M. (Minor), and SHAWN SYKES

vs. C.A. NO.: 1:07-cv-00369-ML-LDA

FIDELITY NATIONAL PROPERTY
AND CASUALTY INSURANCE
COMPANY

**MEMORANDUM IN SUPPORT OF**
**MOTION TO AMEND COMPLAINT**

Now come the Plaintiffs, Anne Sykes, individually and on behalf of M.S. (Minor), G.S. (Minor), and M.M. (Minor), and Shawn Sykes ("Plaintiffs"), and hereby offer the following Memorandum in Support of their Motion to Amend their Complaint against the Defendant, Fidelity National Property and Casualty Insurance Company ("Defendant").

## I. PROPOSED AMENDMENTS

First, Plaintiffs wish to withdraw the claims of G.S. (Minor) and M.M. (Minor).

Second, Plaintiffs seek to add a count of negligent misrepresentation regarding Fidelity's *procurement* of Plaintiffs' Policy renewals. Plaintiffs have alleged that Fidelity committed fraud in procuring the Policy, leading Plaintiffs to believe that the subject areas of the Premises – along with their contents – would be covered. The addition of a count for negligent misrepresentation is meant to cover the possibility that Fidelity's alleged misrepresentation was not intentional, but may have resulted from mere negligence.

Third, Plaintiffs are proposing a change in the structure of the Complaint. Specifically, Plaintiffs are seeking to present their procurement-related claims under the heading, "Counts Related to Procurement," and to present their other claims under headings indicating the relevant

date of loss. Plaintiffs offer this bifurcation for purposes of convenience only; no further substantive changes are proposed.

Fourth, Plaintiffs wish to withdraw their existing Count III (Injury Through Commission of a Crime).

Fifth, Plaintiffs wish to consolidate their claims administration counts. These counts are presently duplicated for each loss – April 2005 and October 2005. Plaintiffs seek to consolidate the claims for the two losses for the sake of convenience.

Sixth, Plaintiffs wish to amend the allegations contained in several Paragraphs of the Amended Complaint to more fully and accurately describe the circumstances which led to the present action. Certain of the amendments are a result of information obtained from further investigation of the underlying claims, while others are designed to reflect information received in Defendant's Answer. Still others are necessary to correct mistakes regarding the timing and sequence of events which further investigation made apparent.

## II. LEGAL ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure states, in relevant part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleadings is served…Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The seminal case regarding the application of Rule 15(a) remains Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227 (1962). Pursuant to Davis, the Rule's instruction that leave be "freely given" is a "mandate…to be heeded." Id. at 182. More specifically, the Court held that:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'

Id. The United States District Court for the District of Rhode Island has also noted that in the First Circuit, "'amendments under [Rule 15(a)] are liberally granted, and some justification is required for a refusal.'" Desrosiers v. Hartford Life and Accident Ins. Co., 354 F.Supp.2d 119, 129 (D.R.I. 2005) [quoting Ondis v. Barrows, 538 F.2d 904, 909 (1st Cir. 1976)].

None of the justifications for refusal enumerated by the Davis Court are applicable to Plaintiffs' Motion. First, there is no undue delay because this action is only a few months old. Second, there is no bad faith or dilatory motive on the part of Plaintiffs. Third, Plaintiffs have not previously failed to cure any deficiencies in the pleadings. Fourth, Defendant cannot demonstrate any prejudice – much less undue prejudice – which would result from the granting of Plaintiff's Motion. Fifth, the proposed amendments are not futile, as Plaintiffs' amended claim most certainly states a claim – namely, negligence – upon which relief can be granted. See Almeida v. United Steelworkers of America, 50 F.Supp.2d 115, 120 (D.R.I. 1999) [citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st. Cir. 1996)]. Hence, Plaintiffs' Motion to Amend should be granted pursuant to Rule 15(a).

## III. CONCLUSION

WHEREFORE, your Plaintiffs, Anne Sykes, individually and on behalf of M.S. (Minor), G.S. (Minor), and M.M. (Minor), and Shawn Sykes, respectfully request that this Honorable Court grant their Motion to Amend.

PLAINTIFFS,

By their Attorneys,

DECOF & DECOF, P.C.
1 Smith Hill
Providence, RI 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641

/S/ Thomas J. Marks_______________
Thomas J. Marks #7158

## CERTIFICATION

I hereby certify that on this 7th day of January 2008, I served the within document by electronic filing to the following counsel of record: Holly R. Rao, Esq., HRR@olenn-penza.com.

/S/ Thomas J. Marks__________________
Thomas J. Marks #7158