\pleading\71251Sykes Opp to Remand draft.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANNE SYKES, individually and on behalf of MICHAELA SYKES (minor), GREGORY SYKES (minor), MICHAEL SYKES (minor), and SHAWN SYKES | * * * * * | |
| VS. | * | C.A. 1:07-cv-00369-ML-LDA |
| | * | |
| FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY | * * * * | |

**FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY'S OBJECTION TO PLAINTIFFS' MOTION TO REMAND**

Defendant, Fidelity National Property and Casualty Insurance Company, hereby objects to Plaintiffs' Motion to Remand. A memorandum of law is attached hereto in support of this objection.

DEFENDANT,
By its Attorney,

/s/ Holly R. Rao
Holly R. Rao, Esq. #3539
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I hereby certify that I have filed the within with the United States District Court on this 24th day of January, 2008, and that a copy is available for viewing and downloading via the EDF system and that I have caused a copy to be sent to:

Thomas J. Marks, Esq.
Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903

/s/ Holly R. Rao

\pleading\71251Sykes Opp to Remand draft.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANNE SYKES, individually and on behalf of MICHAELA SYKES (minor), GREGORY SYKES (minor), MICHAEL SYKES (minor), and SHAWN SYKES | * * * * * | |
| VS. | * * | C.A. 1:07-cv-00369-ML-LDA |
| FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY | * * * * | |

**FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION TO MOTION TO REMAND**

Defendant, FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY ("Fidelity"), which is a Write-Your-Own ("WYO") Program carrier participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] and appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] respectfully submits this memorandum in opposition to Plaintiffs' Motion to Remand pending before this Honorable Court.

Defendant Fidelity will set forth the allegations contained in the Plaintiffs' Amended Complaint, which provided the bases for removal. Upon these allegations, Fidelity removed this lawsuit as per 42 U.S.C. §4072, 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367. Then,

---

[1] 42 U.S.C. §4001, *et seq.*

[2] 44 C.F.R. §62.23(f).

[3] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna,* 143 F.3d 951, 953 (5th Cir.1998).

Fidelity will address the issues raised in the Plaintiffs' memorandum in support of motion to remand.

**INTRODUCTION**

As an initial matter, this Court is well aware that a flood insurance claim is not a typical insurance matter. In this case, Fidelity is being sued because it denied two flood claims presented by the Plaintiffs under their flood insurance policy. In addition to their breach of contract claims (Counts IV and VIII), Plaintiffs list a litany of consequential damages and causes of action under Rhode Island law. However, Fidelity is being sued for its acts or omissions in its capacity as a WYO Program carrier. Fidelity is authorized to issue the federal government's Standard Flood Insurance Policy ("SFIP") pursuant to the *Arrangement*[4] with the Federal Emergency Management Agency ("FEMA"). The flood policy, *i.e.* the SFIP, is a codified federal regulation found at 44 C.F.R. Part 61, App. A(1).

The *Arrangement* defines the role of the WYO Program carrier. This includes all aspects of the WYO carrier's duties and responsibilities, from marketing to sales, claims handling, and litigation. In Article I, the federal regulations state in pertinent part:

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing Federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies' activities when selling or administering the Standard Flood Insurance Policies; and ... (emphasis added).

44 C.F.R. Pt. 62, App. A, Article I.

When an SFIP is in full force and effect and a claim is presented thereunder, as in the

[4] The *Arrangement* is a codified agreement between FEMA and the WYO carriers found at 44 C.F.R. Pt. 62, App. A(Oct. 1, 2004 ed.).

case at bar, any such flood claim is paid with U.S. treasury funds. See 44 C.F.R. Pt. 62, App. A, Arts. II and III. This includes the costs of litigation. *Id.*; see also, 44 C.F.R. §§62.23(i)(6) and (9). Because U.S. treasury funds are at stake, all payments are controlled by the Appropriations Clause of the U.S. Constitution. For a full discussion of the Appropriations Clause relative to the NFIP, see *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386 (9th Cir., 2000), *cert. denied* 531 U.S. 927 (2000). Moreover, strict construction and interpretation of the SFIP and the federal regulations are required. See generally, *Gowland*, 143 F.3d 951.

If the Plaintiffs' present flood claims fit within the parameters of the NFIP and within the scope of coverage of the SFIP, Fidelity would have had no reason to deny paying the flood claims. All flood claims paid by a WYO carrier, such as Fidelity, are a direct charge on the federal treasury. *Gowland*, 143 F.3d at 955; see also, *Moffett v. Computer Sciences Corp.*, 457 F.Supp.2d 571, 574 (D. Md. 2006). A WYO carrier is required to set up and maintain a segregated account of federal funds, as per 44 C.F.R. Pt. 62, App. A, Articles II and III. Moreover, the WYO carrier makes a profit of 3.3% on all payable claims. See 44 C.F.R. Pt. 62, App. A, Art. III(C)(1); *Moffett*, 457 F.Supp.2d at 574. Accordingly, Fidelity has a monetary incentive to pay the Plaintiffs' flood claims.

**THE PLAINTIFFS' COMPLAINT**

Defendant Fidelity asserts that the Plaintiffs' Amended Complaint (Rec. 1-2) provides both factual allegations and causes of action which implicate federal jurisdiction under 42 U.S.C. §4072, 28 U.S.C. §1331, and 28 U.S.C. §1337. As for the myriad of state law based claims, Fidelity urges the Court to exercise its discretion to utilize supplemental jurisdiction as per 28 U.S.C. §1367.

As an initial note, Fidelity does not contend that all of the Plaintiffs' state law based claims implicate a *substantial* federal interest and thus creating federal jurisdiction over these state law claims.[5] Instead, Fidelity removed this lawsuit based upon federal law causes of action, *i.e.* the purported breach of contract of the Standard Flood Insurance Policy, codified at 44 C.F.R. Part 61, App. A(1). Further, Plaintiffs present an argument premised upon the lack of complete preemption, but Fidelity never removed this case based upon complete federal preemption. Therefore, this argument will not be addressed. Plaintiffs plead in pertinent part:

Facts

> 9. In or around 2000, Anne Sykes, then known as Anne Massey, purchased a flood insurance policy through First Community Insurance Company, Policy No. 38-0009568654 ("the Policy"). The Policy was to insure the premises located at 102 Cochran Street (the "Premises") against flood loss.
>
> 10. At all relevant times hereto, Anne Sykes and her husband, Shawn Sykes, were current on their Policy premiums and their flood insurance coverage remained in full force and effect.
>
> 11. Sometime after 2000, First Community assigned, sold, or otherwise transferred its rights to the Policy to Fidelity.
>
> 12. On or about April 2, 2005, the Premises suffered extensive water damage to the first floor due to a severe rain storm.
>
> 13. Anne Sykes immediately contacted Fidelity to inform Fidelity of the damage and to file a formal claim.
>
> ***
>
> 19. Finally, in Fall 2005, Fidelity denied coverage to Plaintiffs on the basis that the Loss was to a "basement" and thus not covered by the Policy.
>
> ***

---

[5] This is a major part of Plaintiffs' argument premised upon the often misconstued *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005).

23. On or about October 15, 2005, Plaintiffs once again suffered water damage to the same area of the Premises.

24. Anne Sykes immediately phoned Fidelity to file a claim, but Fidelity refused to even send an adjuster or other claims handler to the Premises.

***

APRIL 2, 2005 LOSS

Count IV
(Breach of Contract)
(Attorney Fees Pursuant to R.I.G.L. § 9-1-45)

42. Plaintiffs incorporate the allegations contained in Paragraphs 1-41 of their Complaint as set forth fully herein.

43. Plaintiffs agreed to pay annual premiums to Defendant in return for Defendant's providing flood insurance coverage for the Premises.

44. Plaintiffs paid such premiums in a timely manner and the Policy was in full force and effect at the time of the Loss.

45. Defendant breached the parties' agreement by refusing to provide coverage to Plaintiffs for the Loss, even though the Loss was covered by the Policy.

***

OCTOBER 15, 2005 LOSS

Count VIII
(Breach of Contract)
(Attorney Fees Pursuant to R.I.G.L. § 9-1-45)

58. Plaintiffs incorporate the allegations contained in Paragraphs 1-57 of their Complaint as set forth fully herein.

59. Plaintiffs agreed to pay annual premiums to Defendant in return for Defendant's providing flood insurance coverage for the Premises.

60. Plaintiffs paid such premiums in a timely manner and the Policy was in full force and effect at the time of the Loss.

61. Defendant breached the parties' agreement by refusing to provide coverage to

Plaintiffs for the Loss, even though the Loss was covered by the Policy.

These are the allegations that the Plaintiffs chose to plead as master of their complaint. Further, these allegations clearly put at issue the Standard Flood Insurance Policy, under which the Plaintiffs allege that they formally presented two claims and were denied coverage thereunder.

**THE STANDARD FLOOD INSURANCE POLICY**

As stated above, the Standard Flood Insurance Policy is a federal regulation. There are three versions of the SFIP: the dwelling form at issue herein (44 C.F.R. Pt. 61, App. A(1)); the general property form (44 C.F.R. Pt. 61, App. A(2)); and the residential condominium building association policy (44 C.F.R. Pt. 61, App. A(3)). These forms are incorporated into the Code of Federal Regulations at 44 C.F.R. §61.13(a). The SFIP must be used in the NFIP, and no provisions can be altered, varied or waived except by the express written consent of the Federal Insurance Administrator. 44 C.F.R. §61.13(d). In other words, Fidelity cannot alter, vary or waive any of the coverages, limitations or exclusions of the SFIP.

In a complete review of the "Facts" section of the Amended Complaint at paragraphs 9 through 31, the Plaintiffs describe their dissatisfaction with the *handling* of their two purported flood claims. Please recall that at paragraph 19 of their Amended Complaint, the Plaintiffs allege that "Fidelity denied coverage to Plaintiffs on the basis that the Loss was to a 'basement'." Moreover, at Counts IV and VIII, labeled as "Breach of Contract," the Plaintiffs assert that the SFIP has been breached by Fidelity's conduct in the handling and processing of the Plaintiffs' flood claims.

These allegations and causes of action bring up several key elements of the federal SFIP. The SFIP defines basement at 44 C.F.R. Pt. 61, App. A(1), Article II(B)(5). Additionally, under

44 C.F.R. Pt. 61, App. A(1), Article III. Property Covered, the SFIP sets forth limitations of coverage for both the building and contents at (A)(8) and (B)(3), respectively. Moreover, the Plaintiffs even state in section "C. Issues Presented" at page 5 of the memorandum in support of motion to remand that the basement issue will be key to their lawsuit. Notably, their own statement is that if their first floor is not below ground level, "Plaintiffs were entitled to coverage —the remaining issues concern Defendant's actions and *mens rea* during the procurement and **claims handling process**." (emphasis added).

In this vein, the SFIP states the following:

> R. Suit Against Us
>
> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the covered property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

44 C.F.R. Pt. 61, App. A(1), Article VII. (emphasis added).

This is a requirement of *federal* law—not state law. For this Court to interpret the provisions of the SFIP will require the interpretation of federal law. This is exactly what the court meant in *Jamal v. Travelers*, 97 F.Supp.2d 800, 805 (S.D. Tex. 2000).

Article IX of the SFIP states:

> This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, *et seq*.) and Federal common law.

44 C.F.R. Pt. 61, App. A(1), Art. IX. (emphasis added)

The SFIP could not be more clear—any claims brought under it, as in the case at bar, are "governed exclusively" by the Code of Federal Regulations, the NFIA, and federal common law. Further, suit for any claims under the SFIP must be brought in the United States District Court.

**FIDELITY'S BASES FOR FEDERAL JURISDICTION**

As set forth in its Notice of Removal, Fidelity asserted four bases of federal jurisdiction: 1) original "exclusive" federal jurisdiction as per 42 U.S.C. §4072; 2) federal question jurisdiction under 28 U.S.C. §1331; 3) Commerce Clause federal jurisdiction under 28 U.S.C. §1337; and, 4) supplemental jurisdiction under 28 U.S.C. §1367. Fidelity will present each basis of jurisdiction and address the Plaintiffs' arguments as to why they believe federal jurisdiction does not exist.

**A. ORIGINAL EXCLUSIVE FEDERAL JURISDICTION UNDER 42 U.S.C. §4072**

Fidelity contends that this Court has original "exclusive" federal jurisdiction under 42 U.S.C. §4072, which states:

> § 4072. Adjustment and payment of claims; judicial review; limitations; jurisdiction
>
> In the event the program is carried out as provided in section 4071 of this title, the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

Plaintiffs argue that §4072 does not apply to WYO carriers because this federal statute states that

the express language of the statute creates a federal cause of action against the Director of FEMA only—not the WYO carrier. However, Fidelity contends that §4072 applies to the WYO carriers.

The court in *Moffett*, 457 F.Supp.2d at 575, noted the following with regard to §4072:

> Although the provision conveying jurisdiction on the courts speaks only in terms of "an action against the Director," "a suit against a WYO company is the functional equivalent of a suit against FEMA" since the WYO carrier is a fiscal agent of the government. *C.E.R.*, 386 F.3d at 268.[6]

The *C.E.R.* case is the second time that the U.S. Third Circuit has opined that §4072 applies to the WYO carriers. In *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161 (3d Cir. 1998), the plaintiffs only had state law based claims against the WYO carrier. However, the court went through the analysis of the WYO carrier status as follows:

> First, a WYO company is a fiscal agent of the United States. 42 U.S.C. § 4071(a)(1). Second, FEMA regulations require a WYO company to defend claims but assure that FEMA will reimburse the WYO company for defense costs. 44 C.F.R. § 62.23(i)(6). Third, an insured's flood insurance claims are ultimately paid by FEMA.
>
> ***
>
> Thus, a lawsuit against a WYO company is, in reality, a suit against FEMA. *Cf. Gowland,* 143 F.3d at 954-55 (refusing to estop WYO company due to relationship between company and FEMA).
>
> Furthermore, construing 42 U.S.C. § 4072 narrowly to confer jurisdiction only to cases formally against FEMA would cause anomalous results. Such construction would provide original exclusive jurisdiction to suits formally against FEMA but not to suits against WYO companies for which FEMA would be responsible for reimbursing defense costs and judgments. Because FEMA bears the risk and financial responsibility regardless of whether the lawsuit formally names FEMA or a WYO company as the defendant, it would make little sense for Congress to have intended to create original exclusive jurisdiction for suits against FEMA but not for suits in which FEMA's fiscal agent is the nominal defendant. Therefore, we now hold that 42 U.S.C. § 4072 vests district courts with original exclusive

[6] The full cite is *C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co.*, 386 F.3d 263 (3d Cir. 2004).

> jurisdiction over suits by claimants against WYO companies based on partial or total disallowance of claims for insurance arising out of the National Flood Insurance Act.

*Van Holt*, 163 F.3d at 166-67.

The complete statutory scheme of the NFIP must be viewed to understand that §4071(a)(1) makes the WYO carrier the fiscal agent of the United States. The WYO carrier, as per the *Arrangement*, is authorized to issue SFIPs in the place of FEMA. "For the policies they issue, they are responsible for the adjustment, settlement, payment and defense of all claims. 44 C.F.R. §62.23(d)." *Moffett*, 457 F.Supp.2d at 574. Moreover, all claims, costs and expenses are borne by the federal government. *Id.* Therefore, Fidelity contends that §4072 applies to the federal government's "fiscal agent," the WYO carrier.

The U.S. Sixth Circuit has also held that 42 U.S.C. §4072 applies to the WYO carriers. *Gibson v. American Bankers Ins. Co.*, 289 F.3d 943, 947 (6th Cir. 2002). The court opined:

> We adopt the Third Circuit's reasoning and hold that § 4072 provides exclusive subject matter jurisdiction over suits against a WYO insurance company arising out of a disputed flood insurance claim. *See also Hairston v. Travelers Cas. & Sur. Co.,* 232 F.3d 1348, 1349 (11th Cir.2000) (holding that federal courts have jurisdiction over suits brought under policies issued by WYO companies).

289 F.3d at 947.

The *Gibson* court also noted the U.S. Seventh Circuit declining to follow the Third Circuit's reasoning in *Van Holt*. *Id.*

The Plaintiffs at bar argue that this Court should adopt the Seventh Circuit's rejection of §4072 to the WYO carriers, as opined in *Downey v. State Farm Fire & Cas.*, 266 F.3d 675, 680 (7th Cir. 2001). However, Plaintiffs fail to mention the Seventh Circuit's decision on petition for rehearing and rehearing *en banc* in *Downey v. State Farm Fire & Cas.*, 276 F.3d 243 (7th Cir.

2001). Respectfully, the defendant's briefing to the Seventh Circuit was inadequate and did not provide a proper explanation of how the WYO carrier is indeed standing in the stead of the Director of FEMA. The Seventh Circuit did not reverse its prior holding, but opined the following:

> Second, the possibility of suit in state court is hardly a major concern, given the option of removal under 28 U.S.C. § 1441(b). All claims seeking indemnity under flood insurance policies arise under federal law, we held, and therefore all may be removed. That is not all: The FEMA can, and did, preclude filing in state court in the first place. Insureds and insurers alike must live by the language in the policies--language that has been established by federal regulation. Like every other residential flood insurance policy, Downey's provided: "you must file [any] suit in the United States District Court of the district in which the insured property was located at the time of loss." 44 C.F.R. Part 61, App. A(1), Article 9, Clause R. This forum-selection clause is enforceable, see *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), and prevents litigation in state court just as § 4072 would do.

276 F.3d at 245.

Although Fidelity suggests that the Third Circuit's reasoning is sound and §4072 should apply to the WYO carriers, the Seventh Circuit has held that such cases should be in federal court as per the forum selection clause (now 44 C.F.R. Pt. 61, App. A(1), Article VII(R)).

For the reasons discussed above, Fidelity contends that §4072 conveys original "exclusive" federal jurisdiction to this Honorable Court, and the Court need go no further in determining whether federal jurisdiction exists under the other bases presented in Defendant's Notice of Removal. However, Fidelity will address the remaining bases of federal jurisdiction.

**B. FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. §1331**

Plaintiffs go to great length to argue that all of their purported claims are under state law, and therefore, as their argument goes, do not implicate a substantial federal interest necessary for

conveying federal jurisdiction under §1331. Plaintiffs stress their state law claims but lay silent as to the breach of contract allegations at Counts IV and VIII.

The U.S. Fourth Circuit has had the opportunity to determine whether federal question jurisdiction exists under 28 U.S.C. §1331 regarding claims against WYO carriers in *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596 (4th Cir. 2002). The Fourth Circuit opined as follows:

> Battle's complaint does not specify upon what law, state or federal, he premises either of these claims. Accordingly, we cannot conclude that Battle's complaint establishes that federal law creates either claim. However, we do conclude that Battle's complaint establishes that Battle's right to relief under either claim "'necessarily depends on resolution of a substantial question of federal law.'" *Interstate Petroleum Corp.,* 249 F.3d at 219 (quoting *Franchise Tax Bd.,* 463 U.S. at 27, 103 S.Ct. 2841).

288 F.3d at 607.

This is the crux of the argument of the Plaintiffs at bar. They contend that their state law claims do not depend on resolution of a substantial question of federal law. However, the Fourth Circuit has similar claims in *Battle*:

> First, the law is well settled that federal common law *alone* governs the interpretation of insurance policies issued pursuant to the NFIP. [FN17] *Leland,* 934 F.2d at 529. *See also Newton,* 245 F.3d at 1309; *Flick v. Liberty Mut. Fire Ins. Co.,* 205 F.3d 386, 390 (9th Cir.), *cert. denied,* 531 U.S. 927, 121 S.Ct. 305, 148 L.Ed.2d 245 (2000); *Sodowski v. National Flood Ins. Program,* 834 F.2d 653, 655 (7th Cir.1987); *Hanover Bldg. Materials, Inc.,* 748 F.2d at 1013; *Atlas Pallet, Inc. v. Gallagher,* 725 F.2d 131, 135 (1st Cir.1984); *West,* 573 F.2d at 881-82.

288 F.3d at 607.

The Plaintiffs at bar seek the interpretation of the SFIP's definition of "basement" and whether coverage, full or limited, is provided thereunder. These are clearly claims under the SFIP. The Fourth Circuit went further:

> Second, by force of the regulatory authority granted the Director of FEMA by Congress, Battle's SFIP "is governed by the *flood* insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, *et seq.*), and Federal common law." 44 C.F.R. Pt. 61, App. A(1), Art. 11. [FN18] Indeed, Article 11 of Battle's SFIP contains this exact language. Therefore, at a minimum, Battle's claim alleging breach of the implied covenant of good faith and fair dealing raises the federal question of whether federal common law implies, as part of a SFIP, a covenant of good faith and fair dealing on the part of a WYO Company towards its insured. *Cf. Downey,* 266 F.3d at 681-82 (breach of contract claim against WYO Company brought by insured with respect to SFIP issued by the WYO Company, was one in which duties or rights of United States under a federal program were at stake, so that application, and if necessary creation, of federal common law was required, and breach of contract claim thus came within district court's federal question jurisdiction under § 1331); *Newton,* 245 F.3d at 1309 ("a complaint alleging breach of an SFIP satisfies § 1331 by raising a substantial federal question").

288 F.3d at 607-08.

Based upon the Fourth Circuit's holding in *Battle*, Fidelity contends that some of the Plaintiffs' state law based claims depend on the resolution of a substantial question of federal law.

As stated in Fidelity's Notice of Removal, the court in *Jamal v. Travelers*, 97 F.Supp.2d 800, 805 (S.D. Tex. 2000) held:

> Thus, to the extent that Jamal's claims are based on or involve the interpretation of the SFIP, they present questions of federal law sufficient to establish federal question jurisdiction under 28 U.S.C. § 1331.

In addition, the U.S. Eleventh Circuit has addressed the issue of jurisdiction under 28 U.S.C. §1331 in the context of claims against a WYO carrier:

> Here, the complaint alleged, among other things, breach of an SFIP contract. SFIP contracts are interpreted using principles of federal common law rather than state contract law. *See, e.g., Carneiro Da Cunha v. Standard Fire Ins. Co./Aetna Flood Ins. Program,* 129 F.3d 581, 584 (11th Cir.1997) (" 'As contracts, the standard policies issued under the Program are governed by federal law, applying "standard insurance law principles." ' " (quoting *Wright v. Director, Fed.*

> *Emergency Mgmt. Agency,* 913 F.2d 1566, 1570-71 (11th Cir.1990))). Thus, a complaint alleging breach of an SFIP satisfies § 1331 by raising a substantial federal question on its face.

*Newton v. Capital Assur. Co.*, 245 F.3d 1306, 1309 (11th Cir. 2001).

The Plaintiffs at bar have alleged two separate breach of contract causes of action at Counts IV and VIII.

Therefore, if this Court determines that jurisdiction to this Court is not exclusive to federal court under §4072, Fidelity suggests that the Plaintiffs' breach of contract claims, as well as several of their state law claims, implicate the resolution of substantial questions of federal law. Therefore, this Court has federal jurisdiction under 28 U.S.C. §1331.

**C. FEDERAL JURISDICTION UNDER THE COMMERCE CLAUSE 28 U.S.C. §1337**

As the Plaintiffs astutely pointed out in their memorandum in support of motion to remand, the U.S. Supreme Court has applied the same "arising under" analysis to §1337 as it does to §1331. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950). Defendant Fidelity is unaware of any court finding federal jurisdiction under §1337 with respect to a WYO carrier. This is an argument of first impression presented to this Court. 28 U.S.C. §1337(a) states in pertinent part:

> The district court shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: ...

The basis of Fidelity's position is upon the authority of *C.E.R., supra*, 386 F.3d at 267:

> Congress authorized FEMA to "prescribe regulations establishing the general method or methods by which proved and approved claims for losses may be adjusted and paid for any damage to or loss of property which is covered by flood insurance." 42 U.S.C. § 4019. The resulting regulatory scheme is set out at 44

> C.F.R. §§ 61.1-78.14. States have no regulatory control over the Program's operations. [FN3] *Linder & Assocs. Inc. v. Aetna Cas. & Sur. Co.,* 166 F.3d 547, 550 (3d Cir.1999) ("It is well settled that federal common law governs the interpretation of [Policies].
>
> > FN3. The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, § 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, *et seq.,* grants states this power except where Congress enacts legislation that "specifically relates to the business of insurance." 15 U.S.C. § 1012(b). In *Barnett Bank of Marion County v. Nelson,* 517 U.S. 25, 116 S.Ct. 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that "[t]he word 'relates' is highly general." *Id.* at 38, 116 S.Ct. 1103. Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance.

The *National* Flood Insurance Program was enacted by the National Flood Insurance Act of 1968, 42 U.S.C. §4001 *et seq.* Therefore, NFIP was created by an Act of Congress regulating interstate commerce. As such, Fidelity contends that the claims of the Plaintiffs arise under the auspices of interstate commerce and accordingly federal jurisdiction is appropriate under 28 U.S.C. §1337.

**D. SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. §1367**

The last basis that Fidelity asserted for jurisdiction is supplemental jurisdiction under 28 U.S.C. §1367, which Fidelity urges this Court to exercise its discretion over the state law based claims of the Plaintiffs. The primary reason for this request is that U.S. treasury funds are at stake regardless of the Plaintiffs' arguments and claims. Fidelity is appearing herein as the fiscal agent of the Unites States. Moreover, all claims, judgments, payments, costs and expenses are being borne by the federal treasury. *C.E.R.*, 386 F.3d at 268.

Of particular note, Plaintiffs at page 15 argues that 42 U.S.C. §4081(c) is a basis for stating the federal treasury funds are not at stake. Plaintiffs are simply wrong. The U.S. Fifth Circuit cleared up the misguided arguments of plaintiffs in *Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005). Therein, the Fifth Circuit explained the purpose of §4081(c) in the context of §4081(a):

> We are also not persuaded by Wright's argument that his breach of contract claim is not one for federal funds. Wright's reliance on 42 U.S.C. § 4081(c)'s provision that "the director of the Federal Emergency Management Agency may not hold harmless or indemnify an agent or broker for his or her error or omission" is misplaced. Even assuming that § 4081(c) applies to claims adjustment, it is plainly limited to claims against agents and brokers, **as distinct from WYOs**. *See* 42 U.S.C. § 4081(a) (referring to insurance companies as distinct from agents and brokers), § 4081(c) (referring only to claims against agents and brokers who sell or undertake to sell flood insurance policies under the NFIP).

415 F.3d at 388. (emphasis added).

44 C.F.R. §61.5(e) states that the duly licensed property and casualty agent acts for the insured and not for the federal government. Again, as the WYO carrier is the fiscal agent of the United States, the insurance agent does not act for the WYO carrier. This is the distinction that the Fifth Circuit is explaining that the federal government will not indemnify agents and brokers. In the case bar, the federal government is bearing all costs of the WYO carrier.

Lastly, Plaintiffs are not third-party beneficiaries of the *Arrangement* between FEMA and its WYO Program carriers. The *Arrangement* does not create a private right of action for an SFIP insured against either the WYO carrier or FEMA. Further, the administration of the NFIP between FEMA and its WYO carriers is not justiciable before a court. Determinations regarding the *Arrangement* are the province of FEMA—not the courts.

**E. OTHER ISSUES FOR THE COURT'S CONSIDERATION**

Of particular note, in both California and Florida the highest courts have held that their own state courts are without jurisdiction over claims involving the SFIP and federal funds. See *McCormick v. Travelers Inc. Co.*, 103 Cal.Rptr. 258 (Cal. App. 1st Dist. 2001) and *Seibels Bruce Inc. Co. v. Deville Condo. Assoc.*, 786 So.2d 616 (Fla. Dist. App. 1st Cir. 2001), respectively. One district court considered the filing of a complaint in state court akin to filing it in the kitchen drawer because the lack of concurrent jurisdiction in state court would not toll the running of the statute of limitations. *James v. Auto Owners Ins. Co.*, No. CV498-192, 1998 WL 914241 *1 (S.D. Ga. Dec. 10, 1998). Therefore, a remand to state court could possibly find the present Plaintiffs' suit subject to dismissal for lack of subject matter jurisdiction.

On another note, Plaintiffs argue that their claims are not completely preempted by federal law, although Defendant did not remove the case upon such a premise. However, Plaintiffs' reliance on *Stanton v. State Farm Fire and Cas. Co., Inc.*, 78 F.Supp.2d 1029 (D.S.D. 1999) and *Davis v. Travelers Prop. And Cas. Co.*, 96 F.Supp.2d 995 (N.D. Cal. 2000) are suspect for two reasons: 1) These cases were decided prior to the revisions to the Code of Federal Regulations, the SFIP and the *Arrangement* in 2004; and 2) Subsequent decisions by the district courts in California cast doubt upon the viability of the *Davis* decision. This was noted by the *Seibels Bruce* court, which opined the following:

> Appellee also relies upon on *Cohen v. State Farm Fire & Casualty*, 68 F.Supp.2d 1151 (C.D. Cal. 1999), and its progeny, [FN7] for the proposition that state law could apply to the conduct of WYO insurers. The trial judge who wrote *Cohen* has specifically receded from his opinion and has more recently ruled that state law-based insurance claims are preempted. *See Scherz v. South Carolina Insurance Co.*, 112 F.Supp.2d 1000 (C.D. Cal. 2000). Thus, the *Scherz* decision casts a cloud on the authority of these cases relied on by Appellee.

FN7. *Davis v. Travelers Prop. and Cas. Co.*, 96 F.Supp.2d 995 (N.D. Cal. 2000); *Stanton v. State Farm Fire and Cas. Co., Inc.*, 78 F.Supp.2d 1029 (D.S.D. 1999).

786 So.2d at 620.

Due to the subsequent *Scherz* decision, both *Davis* and *Stanton* decisions should be afforded no weight.

**CONCLUSION**

For the reasons set forth herein, Defendant Fidelity contends that this Court has exclusive federal jurisdiction over the breach of contract claims in the Plaintiffs' Amended Complaint, as per 42 U.S.C. §4072. Further, Fidelity contends that Plaintiffs' breach of contract claims, as well as several of the state claims, *e.g.* breach of implied warranty of good faith and claims for bad faith, present resolution of substantive questions of federal law. As such, jurisdiction in this Court is proper as per 28 U.S.C. §1331. Additionally, upon the authority of the National Flood Insurance Act Fidelity contends that this Court has federal jurisdiction as per 28 U.S.C. §1337. Lastly, Fidelity urges this Court to exercise its discretion to retain supplemental jurisdiction over the Plaintiffs' state law based claims under 28 U.S.C. §1367.

WHEREFORE, Defendant, Fidelity National Property and Casualty Insurance Company, prays that memorandum in opposition to Plaintiffs' motion to remand be deemed good and sufficient, and that after due proceedings are had, that there be an Order from this Court retaining jurisdiction over all claims in this lawsuit and denying Plaintiffs' motion to remand.

DEFENDANT,
By its Attorney,

/s/ Holly R. Rao
Holly R. Rao, Esq. #3539
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I hereby certify that I have filed the within with the United States District Court on this 24th day of January, 2008, and that a copy is available for viewing and downloading via the EDF system and that I have caused a copy to be sent to:

Thomas J. Marks, Esq.
Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903

/s/ Holly R. Rao