**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ANNE SYKES, individually, and on
behalf of M.S. (Minor), G.S. (Minor), and
M.M. (Minor), and SHAWN SYKES
vs. C.A. NO.: 1:07-cv-00369-ML-LDA

FIDELITY NATIONAL PROPERTY
AND CASUALTY INSURANCE
COMPANY

**REPLY MEMORANDUM TO DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION TO REMAND**

Now come the Plaintiffs, Anne Sykes, individually and on behalf of M.S. (Minor), G.S. (Minor), and M.M. (Minor), and Shawn Sykes (collectively, "Plaintiffs"), and offer the following Reply Memorandum to Defendant, Fidelity National Property and Casualty Insurance Company's ("Defendant") Objection to Motion to Remand. Plaintiffs will address each of Defendant's arguments in the order presented in Defendant's "Memorandum in Opposition to Motion to Remand."

## I. INTRODUCTION

Beginning in its preamble on Page 1, Defendant is anxious to establish that it appears in this case not as *itself*, but in its "fiduciary capacity as the fiscal agent of the United States." See also Defendant's Memorandum at Page 16 ("Fidelity is appearing herein as the fiscal agent of the United States); and Id. at 3 ("Fidelity is being sued for its acts or omissions *in its capacity as a WYO Program carrier*") (Emphasis added). What Defendant is really saying is that it is two distinctly different persons: (1) An insurance company; and (2) A fiscal agent for the United States. More specifically, the allegation is that once Defendant puts on its federal flood insurance "hat," it not only ceases to be an insurance company subject to the laws of the fifty states, but it somehow transforms into the federal sovereign – complete with perfect immunity

from tort suits. See Id. at 18 (suggesting that Plaintiffs' state law claims are completely preempted by federal law); and Id. at 17 (arguing that Defendant is entitled to reimbursement from the federal treasury for all damages flowing from Defendant's torts).

Plaintiffs wishes to express at the outset that they are not suing Defendant in its "capacity as a WYO Program carrier." Rather, Plaintiffs are suing Defendant in its "capacity" as an insurance company licensed to do business in the state of Rhode Island – and thus subject to Rhode Island law as a condition of its licensure – on the grounds that it violated numerous provisions of Rhode Island law. The fact that Defendant happened to be administering a federal flood insurance policy when breaking state law changes nothing.[1]

## II. ARGUMENTS

### A. The Purported Forum Selection Clause Cited By Defendant Is Inapposite Because Plaintiffs' Policy Contains Different Language. Alternatively, The Clause Is Unenforceable Because A Federal Agency Cannot Create Federal Jurisdiction Where None Otherwise Exists

On pages 8-9 of its Memorandum, Defendant relies on two paragraphs of the *current* SFIP (circa 2004) in support of its argument for federal jurisdiction. What Defendant neglects to mention, however, is that this version of the SFIP did not exist when Plaintiffs purchased their Policy. Specifically, when Plaintiffs contracted with First Community Insurance Company in 2000, the relevant portions of the SFIP read:

> **R. Conditions For Filing a Lawsuit**
>
> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within 12 months from the date we mailed you notice that we have denied your claim, or part of your claim, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of the loss.

[1] Indeed, Defendant's argument suggests that whenever someone purports to carry out an arguably federal function, he or she is immune from all state laws.

**Article 11 – What Law Governs**

> This policy is governed by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, (42 U.S.C. 4001, et seq.) as amended and Federal common law.

44 C.F.R. Pt. 61, App. A(1), Article VII and XI (2000 version). In 2004, one year after Defendant bought the book of business from First Community which included Plaintiffs' Policy, FEMA unilaterally amended these provisions – without further congressional authorization – to include the words Defendant underlines on Page 8 of its Memorandum. Hence, FEMA took it upon itself to do what Congress did not – make federal courts the "exclusive" home of suits against WYO companies, and federal common law the exclusive law applicable to such suits.

FEMA's action was a patently unconstitutional usurpation of Congress's exclusive authority to determine the jurisdiction of the federal courts, as well as an unconstitutional infringement on state sovereignty. FEMA has no right to unilaterally expand federal court jurisdiction, nor to wipe out an entire area of state law. See, e.g., Neves v. Kolaski, 602 F.Supp. 645, 651 (D.R.I. 1985) (citing Chrysler Corp. v. Brown, 441 U.S. 281, 295 (1979)). Second, even if FEMA had such power, the amended policy provisions constitute material alterations to Plaintiffs' 2001 Policy of which Plaintiffs were never informed, and to which they certainly never consented. Indeed, the 2001 Policy provided by First Community is the only Policy Plaintiffs ever received either from a WYO or an affiliated agent. Therefore, the policy provisions highlighted by Defendant are entirely inapposite to this case.

**B. 42 U.S.C.A. § 4072 Does Not Provide An Independent Basis For This Court To Exercise Subject Matter Jurisdiction**

Defendant asks this Court to turn a blind eye to the express language of 42 U.S.C.A. § 4072 for no other reason than the third and sixth circuits made that mistake. Defendant's Memorandum at Pages 9-12 (citing Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d

161 (3d Cir. 1998); C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co., 386 F.3d 263 (3d Cir. 2004); Gibson v. American Bankers Ins. Co., 289 F.3d 943, 947 (6th Cir. 2002)). Defendant has no other choice, because there is no case law supporting the general proposition that this Court can ignore the express language of a federal statute to expand the jurisdiction of the federal courts. Given the statute's plain limiting language, this Court cannot premise federal question jurisdiction on 28 U.S.C.A. § 4072. See, e.g., Downey v. State Farm Fire & Casualty, 266 F.3d 675, 680 (7th Cir. 2001) (rejecting to follow third circuit's ruling in Van Holt).

**C. 28 U.S.C. § 1331 Does Not Support Federal Jurisdiction Because None of Plaintiffs' Claims Present A *Substantial* Issue of Federal Law**

Defendant protests that Plaintiffs "lay silent" regarding their breach of contract claims. See Defendant's Memorandum at Page 13. Plaintiffs have nothing to hide, and indeed labeled the two referenced counts of their Complaint as "Breach of Contract." Plaintiffs do not deny that they have asserted two (2) breach of contract claims against Defendant.

Defendant posits that the existence of breach of contract claims magically bestows this Court with subject matter jurisdiction, and cites Battle v. Seibels Bruce Ins. Co., 288 F.3d 596 (4th Cir. 2002) as support. Id. Yet the quote Defendant extracts from Battle belies its argument:

> First, the law is well settled that federal common law alone governs the interpretation of insurance policies issued pursuant to the NFIP.

Battle, 288 F.3d at 607 (internal citations omitted). However, Plaintiffs are not asking this Court to "interpret" the subject Policy. Indeed, Plaintiffs agree that the Policy's definition of "basement" is unambiguous and not subject to competing interpretations. Instead, Plaintiffs' claims rise and fall on whether or not the first floor of the Premises is above ground or below ground. Once again, the elevation of a West Warwick, Rhode Island home does not present a

"substantial federal question." Defendant knows this, which is why it blatantly mischaracterizes Plaintiffs' Amended Complaint as one seeking the "interpretation" of a Policy provision.

Moreover, Defendant repeatedly conflates the existence of a federal question with that of a "substantial federal question." Even if, *arguendo*, Plaintiffs' claims presented federal questions, Defendant has not set forth one argument for why these questions should be deemed "substantial." Indeed, conspicuously absent from Defendant's Memorandum is any analysis of the United States Supreme Court's line of cases discussing when a federal question is "substantial" for purposes of invoking federal question jurisdiction under 28 U.S.C. § 1331. See, e.g., Smith v. Kansas City Title & Trust Co. et al., 255 U.S. 180 (1920); Moore v. Chesapeake Ry. Co., 291 U.S. 205 (1940); Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1 (1983); Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804 (1986); Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005); Empire Healthchoice Assur., Inc. v. McVeigh, 126 S. Ct. 2121 (2006). Instead, Defendant makes a passing reference – in a footnote – to the "often misconstrued" Grable & Sons Metal Products, Inc. See Defendant's Memorandum at P. 5, fn. 5.[2]

However, Defendant lay silent regarding why Plaintiffs' contract claims raise a "stated federal issue, actual disputed and substantial." Grable & Sons Metal Products, Inc., 545 U.S. at 313-14. Defendant's implies throughout its Memorandum that any time federal funds may be at stake, a "substantial federal issue" is presented. There is simply no support for this proposition in the long line of Supreme Court precedents referenced above. Hence, Plaintiffs

[2] Defendant is correct in a sense. The United States Supreme Court has admonished that Grable & Sons creates only a "narrow" category of federal question jurisdiction. See, e.g., Empire Healthchoice Assur., Inc., 126 S.Ct. at 2136-37. In other words, Grable & Sons can be misinterpreted to *create* federal question jurisdiction where none exists.

calls upon Defendant to explain, with reference to such precedent, why contract claims which may implicate federal funds necessarily create a "substantial" federal issue.

Indeed, despite Defendant's protestations to the contrary, whether or not federal funds are at stake in the present case is purely conjectural, because FEMA exercises discretion in determining whether and to what extent to reimburse WYO companies for litigation costs and expenses. See, e.g., 44 C.F.R. Pt. 62, App. A, Article III, Section (D)(3). In addition, FEMA's authority to reimburse WYO companies is expressly limited by 42 U.S.C. § 4081 (c).[3] In other words, nobody knows at this point whether or not federal funds will be expended as a result of this action. Thus, Defendant has not established a basis for federal question jurisdiction. See Gully v. First National Bank in Meridian, 299 U.S. 109, 113 (1936).[4]

**D. 28 U.S.C.A. § 1337 Does Not Provide An Independent Basis For This Court To Exercise Subject Matter Jurisdiction**

Defendant's last attempt to establish federal question jurisdiction has no support in § 1337 jurisprudence. In addition, Plaintiffs are once again compelled to point out that C.E.R. 1988, Inc. is not "authority" for Defendant's novel argument. See Defendant's Memorandum at Page 15. Rather, the quoted passage is *dicta* and therefore provides no authority. See C.E.R. 1988, Inc., 386 F.3d at 267.

## III. CONCLUSION

WHEREFORE, your Plaintiffs, Anne Sykes, individually and on behalf of M.S. (Minor), G.S. (Minor) and M.M. (Minor), and Shawn Sykes, respectfully request that this Honorable Court remand this action to the Kent County Superior Court pursuant to 28 U.S.C.A.

[3] Defendant cites Wright v. Allstate Ins. Co., 415 F.3d 384 (5th Cir. 2005) for the proposition that 4081 contains no such limitations. The court did, in fact, suggest as much in *dicta*. See Id. at 388. However, no other court has a like "holding", and no court has ever cited Wright for this dubious proposition.

[4] Plaintiffs wish to reiterate their request that if this Court finds subject matter jurisdiction over Plaintiffs' breach of contract claims, the Court remand Plaintiffs remaining claims pursuant to 28 U.S.C. § 1367(c).

§ 1447(c); award Plaintiffs their costs and a reasonable attorney's fee pursuant to said statute; and award Plaintiffs any such other and further relief as this Honorable Court shall deem meet and just.

PLAINTIFFS,

By their Attorneys,

DECOF & DECOF, P.C.
One Smith Hill
Providence, RI 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641

/S/ Thomas J. Marks
Thomas J. Marks #7158

**CERTIFICATION**

I hereby certify that on this 4th day of February 2008, I served the within document by electronic filing to the following counsel of record: Holly R. Rao, Esq., HRR@olenn-penza.com.

/S/ Thomas J. Marks
Thomas J. Marks #7158