**PAUL C. HIGGINS, INC.**
**- INSURANCE ADJUSTERS -**
*Adelbert Cade, President*

250 State Street, Unit B-1, North Haven, CT 06473 TELEPHONE (203)281-4554 FAX (203)288-4481
INTERNET: www.pchiggins.com / E-MAIL: info@pchiggins.com

| Post-it® Fax Note 7671 | Date 3/24/08 | # of pages ▶ 27 |
|---|---|---|
| To Judge Mary Lisi | From Del Cade | |
| Co./Dept. c/o Barbara Barletta | Co. | |
| Phone # | Phone # | |
| Fax # 401-752-7247 | Fax # | |

March 24, 2008

**VIA FAX & MAIL**

Honorable Chief Justice Mary Lisi
Federal Court
1 Exchange Terrace
Providence, RI 02903-1779

Re: Anne Sykes et al. vs Fidelity National Property & Casualty Company
Case No.: 1:07-cv-00369-ML-LDA

| | |
|---|---|
| Claim No.: | 55655 |
| Policy No.: | 38-0009568654 |
| Insured: | Anne Sykes |
| D/L: | 4/2/2005 |
| Type Loss: | Flooding |
| Loss Location: | 102 Cochran Street, West Warwick, RI |
| Agent: | Smith Mack and Associates, Inc |
| Our File: | A5-040398-31P |

Dear Honorable Chief Justice Lisi:

Please review the attached documentation regarding what I find to be improper service, and an approach by Attorney Marks which is out of line and causing undue burden.

He continues to threaten contempt, however, when reviewing the attached correspondence and documentation, the subpoena was never "served" and, therefore, in the absence of service, am I correct in presuming that one cannot be in contempt?

Attorney Marks also reiterates that I should move to have the subpoena quashed, however, again, I do not believe there was "service," therefore, would same apply?

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, can I make the request for "proof of service?"

I can be contacted to discuss at the numbers below, or on my cell phone at 203-710-6112.

Respectfully,

PAUL C. HIGGINS, INC.

Del Cade
(Ext. 108)
d.cade@pchiggins.com

DC/sk -- Enclosure

P.S. Dear Honorable Judge Lisi:

Following this dictation, I received the attached from Attorney Marks via fax on March 21, 2008, at approximately 3:54 PM.

This matter comes down to improper service as far as I can see? Please advise.

Please note, I was not belligerent with Attorney Marks, and I would be interested if he can produce my voice mail message, which would verify.

The U.S. Marshall was belligerent with my staff in his approach.

Once again, I have no obligation to maintain files after they are closed, noting my mandate as an independent adjuster.

I look forward to the good court's advices.

DC/sk
Enclosure

cc: Colonial Claims Corporation
Attn: Amanda
2200 Bayshore Boulevard
Dunedin, FL 34698

**PAUL C. HIGGINS, INC.**
**- INSURANCE ADJUSTERS -**
*Adelbert Cade, President*

250 State Street, Unit B-1, North Haven, CT 06473 TELEPHONE (203)281-4554 FAX (203)288-4481
INTERNET: www.pchiggins.com / E-MAIL: info@pchiggins.com

March 20, 2008

**VIA E-MAIL, FAX, & MAIL**

Tom Marks, Esq.
Decof & Decof
One Smith Hill
Providence, RI 02903

Re: Anne Sykes et al. vs Fidelity National Property & Casualty Company
C.A. No.: 1:07-cv-00369-ML-LDA

| | |
|---|---|
| Our Principal: | Colonial Claims Corporation |
| Claim No: | 55655 |
| Policy No.: | 38-0009568654 |
| Insured: | Anne Sykes |
| D/L: | 4/02/2005 |
| Type Loss: | Flooding |
| Loss Location: | 102 Cochran Street, West Warwick, RI |
| Agent: | Smith Mack and Associates, Inc. |
| Our File: | A5-040398-31P |

Dear Attorney Marks:

This correspondence will acknowledge receiving yours dated March 18, 2008, which was in response to my voice mail left for you on the same day, and also improper service of a subpoena by a Federal Marshal who came to my office unannounced, and would not identify himself, on March 17, 2008.

First of all, let me address the closing paragraph of your letter. The United States Marshal, who would not identify himself, was rude with my staff and set the tone for the manner in which he was treated. He was treated in the same manner he treated my staff.

I request that you provide me with the name of the U.S. Marshal, so I may address the manner in which he approached my staff, and his tactics, with the appropriate authority.

I will only communicate with you in writing, and also prefer same.

Regarding the matter at hand and improper service, I have reviewed Rule 45 of the Federal Rules of Civil Procedure, and reiterate that there was improper service of the subpoena, which is dated March 1, 2008, however, the attempt to serve was not until the unannounced visit by the United States Marshal on March 17, 2008. The Marshal did not previously contact our office regarding this matter, nor were we contacted by anyone else.

I am sure you are familiar with the Federal Rules of Civil Procedure, specifically Rule 45. Subpoena, which states the following:

> "(b) Service.
>
> (1) **By Whom; tendering Fees; Serving a Copy of Certain Subpoenas.**
>
> Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the **named person** and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies. **If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party.**"

As my staff attempted to explain to the United States Marshal, the subpoena is addressed to the "keeper of records" and nobody in this office carries that title. As indicated above, the subpoena requires delivering to the "named person."

Furthermore, the subpoena requires the production of documents, and as outlined above under the Federal Rules of Civil Procedure, Rule 45, if the subpoena commands the production of documents, then before it is served, a notice must be served on each party. No notice was served, and the U. S. Marshal showed up unannounced on March 17, 2008, with the subpoena in hand.

Further be advised that as an independent adjuster, I am under no obligation to maintain files after they have been closed, and my file concerning this matter was closed more than two years ago.

As a result, I reiterate that the subpoena was not properly served pursuant to the portions of Federal Rules of Civil Procedure, Rule 45, quote above.

Very truly yours,

PAUL C. HIGGINS, INC.

Del Cade
(Ext. 108)
d.cade@pchiggins.com

DC/sk

cc: Colonial Claims Corporation
Attn: Amanda
2200 Bayshore Boulevard
Dunedin, FL 34698

**PAUL C. HIGGINS, INC.**
**- INSURANCE ADJUSTERS -**
*Adelbert Cade, President*

250 State Street, Unit B-1, North Haven, CT 06473 TELEPHONE (203)281-4554 FAX (203)288-4481
INTERNET: www.pchiggins.com / E-MAIL: info@pchiggins.com

March 20, 2008

**VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

United States District Court
District of Rhode Island
United States Government
1 Narragansett Blvd.
Providence, RI 02905

Re: Anne Sykes et al. vs Fidelity National Property & Casualty Company
C.A. No.: 1:07-cv-00369-ML-LDA

| | |
|---|---|
| Our Principal: | Colonial Claims Corporation |
| Claim No: | 55655 |
| Policy No.: | 38-0009568654 |
| Insured: | Anne Sykes |
| D/L: | 4/02/2005 |
| Type Loss: | Flooding |
| Loss Location: | 102 Cochran Street, West Warwick, RI |
| Agent: | Smith Mack and Associates, Inc. |
| Our File: | A5-040398-31P |

To Whom It May Concern:

Enclosed please find a copy of correspondence I have forwarded to the law firm of Decof & Decof, attention Attorney Thomas Marks, concerning the subject matter.

A U.S. Marshal showed up in my office in North Haven, CT, unannounced, on March 17, 2008, attempting to serve the attached subpoena to the "keeper of records," no one bears that title, the marshal was advised, and proceeded to be aggressive and abusive with my staff.

I request that you review the attached correspondence and manner in which the U.S. Marshal attempted to make this service, and accept this as a Motion to Quash.

First of all, the subpoena does not allow a reasonable time to comply. It is dated March 1, 2008, however, the U.S. Marshal did not attempt to serve until March 17, 2008, with a date for response of March 27, 2008.

Furthermore, once again, the attempted service was to the "keeper of records," and no one carries this title.

Furthermore, as an independent adjuster, I am under no requirement to maintain files and my file concerning the subject matter was closed more than two years ago.

I find myself in an unusual position requesting that you review this matter for quashing of the subpoena, noting I do not believe same is valid as it was not properly served to begin with.

Please advise.

Very truly yours,

PAUL C. HIGGINS, INC.

Del Cade
(Ext. 108)
d.cade@pchiggins.com

DC/sk
Enclosure

cc: Colonial Claims Corporation
Attn: Amanda
2200 Bayshore Boulevard
Dunedin, FL 34698

**dcade**

**From:** dcade [d.cade@pchiggins.com]
**Sent:** Friday, March 21, 2008 11:00 AM
**To:** tjm@decof.com
**Subject:** RE: Sykes v. Fidelity National Property & Casualty Company

Atty Marks,

From this point forward my communication will be limited to the Court.

My review would indicate the below applies only if the Subpoena was "served".

Del Cade
Paul C. Higgins, Inc.
250 State Street, Unit B-1
North Haven, CT 06473
203-407-4834, X108
Fax: 203-288-4481

-----Original Message-----
From: Thomas J. Marks [mailto:tjm@decof.com]
Sent: Friday, March 21, 2008 10:53 AM
To: d.cade@pchiggins.com
Subject: RE: Sykes v. Fidelity National Property & Casualty Company

Mr. Cade --

Rather than file a Motion to Adjudge in Contempt, I will proceed in accordance with Rule 45 (c)(2)(B) and move for an court order compelling production of the requested documents. This letter will constitute the "notice" of the Motion to you required by the Rule. Please be advised that I will file the Motion electronically today and send you a copy of the Motion via certified mail.

Thank you.

-----Original Message-----
From: dcade [mailto:d.cade@pchiggins.com]
Sent: Friday, March 21, 2008 10:36 AM
To: tjm@decof.com
Subject: RE: Sykes v. Fidelity National Property & Casualty Company

Atty Marks,

I am addressing with the court, however, Motion to Quash would only apply if the Subpoena was "served".

Del Cade
Paul C. Higgins, Inc.
250 State Street, Unit B-1
North Haven, CT 06473
203-407-4834, X108
Fax: 203-288-4481

-----Original Message-----
From: Thomas J. Marks [mailto:tjm@decof.com]
Sent: Friday, March 21, 2008 10:34 AM

To: d.cade@pchiggins.com
Subject: RE: Sykes v. Fidelity National Property & Casualty Company

Dear Mr. Cade --

Thank you for your letter. Once again, I urge you to file a Motion to Quash as the appropriate vehicle for expressing your objections. Failure to file such a Motion in a timely fashion will necessitate my filing a Motion to Adjudge in Contempt. Please let me know if you require an address or phone numbers for the U.S. District Court for Rhode Island.

Thank you.

Tom Marks

-----Original Message-----
From: dcade [mailto:d.cade@pchiggins.com]
Sent: Friday, March 21, 2008 10:22 AM
To: tjm@decof.com
Subject: RE: Sykes v. Fidelity National Property & Casualty Company

I disagree with all, there was improper service, and I communicating with the US District Court for RI.

Pursuant to Rule 45, this is my written objection to produce anything, once again noting the improper service.

Pursuant to Rule 45, Proof of Service requires "a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server."

If necessary I will also address with the court your responsibility to avoid undue burden.

One can not be in contempt if they have not been served.

Very Turly Yours,

Del Cade
Paul C. Higgins, Inc.
250 State Street, Unit B-1
North Haven, CT 06473
203-407-4834, X108
Fax: 203-288-4481

-----Original Message-----
From: Thomas J. Marks [mailto:tjm@decof.com]
Sent: Friday, March 21, 2008 9:55 AM
To: d.cade@pchiggins.com
Subject: RE: Sykes v. Fidelity National Property & Casualty Company

Dear Mr. Cade --

In response to your letter, neither you nor your company is a "party" to this action. The portion of Rule 45 to which you refer requires notice to actual "parties" to the action. In other words, we were required to notify Fidelity National Property and Casualty Insurance Company that we were subpoenaing the requested records, which we did. Thus, this portion of Rule 45 does not provide grounds for you or your company to object to the subpoena. Neither you nor your company are entitled to advance notice that a subpoena is about to be served.

Regarding service to a "named" person, it is common practice in federal and state courts throughout the country to name a "Keeper of Records" as a generic description of the person or persons who are in charge of keeping or maintaining records. Rule 45 does not require a greater degree of specificity in naming the person to be served because often -- as in this case -- the serving party has no idea who the "record keeper" is. Also, Rule 45 does not require a party to perform any sort of due diligence to find out who the "record keeper" is so that a subsequent subpoena can be addressed with specificity greater than the "Keeper of Records." Objecting to production on these grounds is, therefore, exerting form over substance, and I doubt you will find any support for your argument in federal jurisprudence.

Further, as I mentioned in my previous letter, the appropriate vehicle for your objections is a Motion to Quash the subpoena. You can file such a Motion in the United States District Court for Rhode Island. Chief Judge Mary Lisi is the presiding justice in this case, and if you have any questions about how to file a Motion to Quash in accordance with our local rules and Judge Lisi's administrative orders, I am sure Judge Lisi's clerk or another federal court clerk will be more than happy to assist you.

As I stated previously, unless you file an appropriate Motion to Quash, I will file a Motion to Adjudge you and your company in Contempt on March 28 -- the day after the scheduled March 27 deposition. This will subject you and/or your company to civil and/or criminal penalties, as well as possible payment of costs and attorney fees incurred by my clients in having to file and prosecute the Motion.

Regarding your request for the name and other particulars of the United States Marshall who served you, I will not provide this information. The United States Marshalls are not my employees and I do not serve as a human resource department regarding complaints about their conduct. You are certainly within your rights to contact the United States Marshalls office in Connecticut and ask for the appropriate human resource employee to express your concerns.

Lastly, the federal rules require you to make a reasonably diligent search for any materials you may have which are responsive to the request. If your position is that the records are not on your premises or in storage, you have a responsibility to retrieve them and provide us access to them. If your position is that the records have been destroyed, you can so state in a formal letter that I can read into the record during the scheduled Keeper of Records Deposition. I would then reserve my right to subpoena you personally for a witness deposition.

Thank you for your continued attention to this matter and please enjoy your holiday weekend.

Tom Marks
Decof & Decof
One Smith Hill
Providence, RI 02903
401-272-1110
401-351-6641 (FAX)

-----Original Message-----
From: dcade [mailto:d.cade@pchiggins.com]
Sent: Friday, March 21, 2008 9:18 AM
To: tjm@decof.com
Subject: Sykes v. Fidelity National Property & Casualty Company

Del Cade
Paul C. Higgins, Inc.
250 State Street, Unit B-1
North Haven, CT 06473
203-407-4834, X108
Fax: 203-288-4481

# DECOF & DECOF

*A Professional Corporation*

COUNSELLORS AT LAW

ONE SMITH HILL • PROVIDENCE, RHODE ISLAND 02903
TELEPHONE (401) 272-1110 • FACSIMILE (401) 351-6641 • WWW.DECOF.COM

# FACSIMILE

| | |
|---|---|
| TO: Mr. Del Cade | FROM: Thomas J. Marks, Esq. |
| FAX: (203) 288-4481 | DATE: March 21, 2008 |
| PHONE: (203) 281-4554 | PAGES: 16 |
| RE: Sykes v. Fidelity | CC: |

☐ URGENT ☐ FOR REVIEW ☐ PLEASE COMMENT ☒ PLEASE REPLY

ORIGINAL OF TRANSMITTED DOCUMENT WILL BE SENT BY:

☐ U.S. MAIL ☐ OVERNIGHT MAIL ☐ MESSENGER

☒ THIS FACSIMILE TRANSMISSION WILL BE THE ONLY FORM OF DELIVERY OF THIS DOCUMENT

NOTICE: This facsimile contains CONFIDENTIAL INFORMATION which also may be LEGALLY PRIVILEGED and which is intended only for the use of the addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone and return the original facsimile to us at the above address via U.S. Mail.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ANNE SYKES, individually and on behalf of M.S. (Minor), G.S. (Minor), and M.M. (Minor), and SHAWN SYKES

vs. C.A. NO.: 1:07-cv-00369-ML-LDA

FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM NON-PARTY PAUL C. HIGGINS, INC.**

Now come the Plaintiffs, Anne Sykes, individually and on behalf of M.S. (Minor), G.S. (Minor) and M.M. (Minor), and Shawn Sykes (collectively, "Plaintiffs"), and pursuant to Rule 45 (c)(2)(B) of the Federal Rules of Civil Procedure moves this Honorable Court for an order compelling a non-party, Paul C. Higgins, Inc., to produce duly subpoenaed documents within thirty (30) days.

As grounds for their Motion, Plaintiffs state that on March 18, 2008 they effectuated service, through a United States Marshall, of a Rule 45 "Keeper of Records" subpoena requesting documents relevant to Plaintiffs' Complaint. Proof of service was filed electronically with this Honorable Court. A representative of Paul C. Higgins, Inc. – Mr. Del Cade – has provided Plaintiffs' counsel with a written objection to producing the requested documents. The basis for Mr. Cade's objection is that he believes service was "improper" because, according to him, the United States Marshall was "rude"; Mr. Cade was not notified in advance that he or Paul C. Higgins, Inc. would be served with a subpoena; and that nobody in Mr. Cade's office is known as a "Keeper of Records." Based on these alleged failings of service, Mr. Cade, on behalf of Paul C. Higgins, Inc. is refusing

to produce the requested documents. Plaintiffs' counsel has made a good faith attempt to explain Rule 45 to Mr. Cade and to resolve this dispute without the need for this Honorable Court's intervention.

Attached as "Exhibit A" is the above-referenced proof of service along with an affidavit written and signed by Thomas R. Gallucci, the Deputy United States Marshall who effectuated service. In his affidavit, Mr. Gallucci describes Mr. Cade's belligerence after being properly served. "Exhibit B" is a letter from Plaintiffs' counsel addressed to Mr. Cade addressing his behavior and a belligerent voice mail left with counsel's office at 6:44 a.m. on March 18. "Exhibit C" is a letter from Mr. Cade setting forth in detail the bases for his objection.

Plaintiffs' counsel hereby certifies that he has made a good faith effort both to explain Rule 45 to Mr. Cade and to obtain compliance with the subpoena without resort to the instant Motion. Unfortunately, that effort has proven unfruitful.

WHEREFORE, your Plaintiffs, Anne Sykes, individually and on behalf of M.S. (Minor), C.S. (Minor) and M.M. (Minor), and Shawn Sykes respectfully request that this Honorable Court order Mr. Del Cade, in his capacity as an authorized agent of Paul C. Higgins, Inc., to produce any and all documents responsive to the subpoena duly served upon he and Paul C. Higgins, Inc. on March 18, 2008. Your Plaintiffs further request that Paul C. Higgins, Inc. be sanctioned – in the form of costs and a reasonable attorney's fee incurred by Plaintiffs as a result of Mr. Cade's refusal to comply – for its willful failure to respond to a properly served subpoena issued by this Honorable Court.

PLAINTIFFS,

By their Attorneys,

DECOF & DECOF, P.C.

One Smith Hill
Providence, RI 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641

/s/Thomas J. Marks
Thomas J. Marks #7158

**CERTIFICATION**

I hereby certify that a copy of the within document was sent by regular mail, postage prepaid, from the law offices of Decof & Decof, P.C., One Smith Hill, Providence, RI 02903, to **Holly R. Rao, Esq.**, Olenn & Penza, LLP, 530 Greenwich Avenue, Warwick, RI 02886 and **Del Cade, Paul C. Higgins, Inc.**, 250 State Street, Unit B-1, North Haven, CT 06473 on this 21st day of March, 2008.

/s/Thomas J. Marks
Thomas J. Marks #7158

Sykes P035

EXHIBIT "A"

# UNITED STATES MARSHALS SERVICE

District of Connecticut
U.S. Courthouse
141 Church Street-Mezzanine
New Haven, CT. 06510-2030
Office: (203) 773-2107, Facsimile: (203) 773-2419

TO: Atty. Thomas Marks

FAX: 401-351-6641

FROM: THOMAS R. GALLUCCI
Criminal Investigator Deputy U.S. Marshal
TELEPHONE: 203-773-2107 EXTENSION 3020
EMAIL: Thomas.Gallucci@usdoj.gov

DATE: 3/18/08

COMMENTS: Service of Fed. Civil Subpoena

Thank you!

WARNING: Information attached to this cover sheet is U.S. Government property. If you are not the intended recipient of this information, disclosure, reproduction, distribution, or use of this information is prohibited (18 USC 641). Please notify the originator or local USMS office immediately to arrange for proper disposition.

NOTE: THIS FAX COVER PAGE SHOULD NOT BE USED TO FAX CLASSIFIED INFORMATION.

PRECEDENCE: ( ) IMMEDIATE ( ) PRIORITY (✓) ROUTINE

CLASSIFICATION: (✓) SENSITIVE ( ) NON-SENSITIVE

*America's Oldest Federal Law Enforcement Agency*

U.S. Department of Justice
United States Marshals Service

# PROCESS RECEIPT AND RETURN

See "Instructions for Service of Process by U.S. Marshal"

PLAINTIFF: ANNE SYKES, et. al.

COURT CASE NUMBER: 1:07-cv-00369-ML-LDA

DEFENDANT: FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY

TYPE OF PROCESS:

SERVE AT: NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
KOR, PAUL C. HIGGINS, INC. INSURANCE ADJUSTERS

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
250 STATE STREET, UNIT B-1, NORTH HAVEN, CT 06473

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

THOMAS J. MARKS, ESQ.
DECOF & DECOF, P.C.
ONE SMITH HILL
PROVIDENCE, RI 02903

Number of process to be served with this Form 285:
Number of parties to be served in this case:
Check for service on U.S.A.

RECEIVED 2008 MAR -5 P 4:2? U.S. MARSHALS OFFICE DISTRICT OF R.I.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (*Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service*):

Fold

RECEIVED 2008 MAR 10 UNITED STATES MARSHAL DISTRICT OF CT

Signature of Attorney other Originator requesting service on behalf of: Thomas J. Marks

☒ PLAINTIFF ☐ DEFENDANT

TELEPHONE NUMBER: (401) 272-1110

DATE: MARCH 4, 2008

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (*Sign only for USM 285 if more than one USM 285 is submitted*) | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | 1 | No. 70 | No. 14 | Diane Fox | 3/5/08 |

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (*See remarks below*)

Name and title of individual served (*if not shown above*): REFER TO REMARKS

☐ A person of suitable age and discretion then residing in defendant's usual place of abode

Address (*complete only different than shown above*):

Date: 3/17/08 | Time: 1440 ☐ am ☒ pm

Signature of U.S. Marshal or Deputy: C. DUSM TALLUCCI #2442

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| $45.– | $4.80 | $8.00 | | | |

REMARKS: 3/17/08 1440 hrs – SERVED W/FEMALE GRAY HAIR APPROX. 60 YRS. OLD. REFUSED SERVICE. STATED WOULD NOT ACCEPT SERVICE. STATED NO MANAGERS / KEEPER OF RECORDS AVAILABLE. FEMALE STATED SHE WORKED AT THE FIRM (PAUL C. HIGGINS). WHITE MALE APPROX. 40 YRS OLD OPENED DOOR AND THREW SUBPOENA OUT THE DOOR AS DUSM DEPARTED (TAG)

PRINT 5 COPIES:
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/15/80
Automated 01/00

United States Department of Justice
United States Marshals Service

**REPORT OF INVESTIGATION**

| | | |
|---|---|---|
| 1. F.I.D.#: REP: 1:07-cv-00369-ML-LDA | 2. DATE OF REPORT: 3/18/08 | 3. REPORTED BY: GALLUCCI, THOMAS USMS NEW HAVEN, CT |
| 4. CASE TITLE: CIVIL SUBPOENA | | |

5. TYPE OF REPORT (Check One):
[ ] REPORT OF INVESTIGATION
[ ] COLLATERAL LEAD
[ ] WITNESS INTERVIEW
[ ] ARREST
[ ] INTELLIGENCE UPDATE
[X] MEMORANDUM TO FILE
[ ] OTHER:

On 3/17/08 at approx. 1440 hrs. CIDUSM GALLUCCI arrived at 250 State St. North Haven, Ct. the office of PAUL C. HIGGINS. INC. in order to serve a federal civil subpoena issued by the District of Rhode Island.

The firm's name is on the front door and also the interior door located on the second floor. CIDUSM GALLUCCI walked into the office and to my immediate right was a female located at a desk right adjacent the door.

CIDUSM identified himself as a U.S. Marshal and displayed his badge and identification to the female. I advised her that I have a federal subpoena for the firm of PAUL C. HIGGINS. She asked what it was concerning and I showed her the subpoena. I asked if the manager or keeper of records was here. She stated this is their office but are not here now. I asked if this was where their office is located and she stated yes but were not present. I explained to her that this is time sensitive and that action by the firm is required in federal court in Rhode Island in the very near future.

The female then went to a rear office and then came back to me seconds later and stated that she cannot accept the subpoena and asked for my name and telephone number. I advised her that this subpoena was time sensitive. I then asked her if she works here at the firm (PAUL C. HIGGINS). She state yes. I advised her this subpoena is time sensitive and that I was serving the subpoena to her on behalf of the firm, and to refer the subpoena to the appropriate personnel. She again stated that she cannot accept the subpoena at which time I placed it on her desk in her presence and advised her that this is official service. I then exited the office. The female is described as a white female, approx. 55-60 years old, long grey hair, slim build.

| | | |
|---|---|---|
| 7. SIGNATURE (CI-DUSM): [signature] #2442 Gallucci, Thomas R. | 8. DATE: 3/18/08 | 11. DISTRIBUTION: [X] DISTRICT [ ] HEADQUARTERS [X] OTHER: Atty. Thomas Marks |
| 9. APPROVED (Name and Title): | 10. DATE: | |

UNITED STATES MARSHALS SERVICE

THIS REPORT IS THE PROPERTY OF THE U.S. MARSHALS SERVICE

USM-11

United States Department of Justice
United States Marshals Service

**REPORT OF INVESTIGATION (Continuation Sheet)**

| 1.F.I.D.#: 1:07-CV-00369-ML-LDA | 2.DATE OF REPORT: 3/18/08 | 3.REPORTED BY: GALLUCCI, THOMAS |
|---|---|---|
| 4.CASE TITLE: FEDERAL CIVIL SUBPOENA | | |

As I was exiting the office walking downstairs a white male opened the office door and was visibly angry, yelled loudly that "we will not accept this" and threw the subpoena towards my direction. The subpoena landed on the floor. I advised the male that the firm was officially served on behalf of federal court.

The male is described as a white male, approx. 40 years of age, brown hair, medium build.

CIDUSM GALLUCCI was not able to get any names of individuals involved due to the hostile attitude displayed.

CIDUSM GALLUCCI telephoned Atty. Thomas MARKS (plaintiff) and advised him of the situation. END OF REPORT

# UNITED STATES MARSHALS SERVICE

District of Connecticut
U.S. Courthouse
141 Church Street-Mezzanine
New Haven, CT. 06510-2030
Office: (203) 773-2107, Facsimile: (203) 773-2419

TO: Atty: Thomas Marks

FAX: 401-351-6641

FROM: THOMAS R. GALLUCCI
Criminal Investigator Deputy U.S. Marshal
TELEPHONE: 203-773-2107 EXTENSION 3020
EMAIL: Thomas.Gallucci@usdoj.gov

DATE: 3/18/08

COMMENTS: Service of Fed. Civic Subpoena

Amended USM-11

Thank you!

WARNING: Information attached to this cover sheet is U.S. Government property. If you are not the intended recipient of this information, disclosure, reproduction, distribution, or use of this information is prohibited (18 USC 641). Please notify the originator or local USMS office immediately to arrange for proper disposition.
NOTE: THIS FAX COVER PAGE SHOULD NOT BE USED TO FAX CLASSIFIED INFORMATION.

PRECEDENCE: ( ) IMMEDIATE ( ) PRIORITY (✓) ROUTINE
CLASSIFICATION: (✓) SENSITIVE ( ) NON-SENSITIVE

United States Department of Justice
United States Marshals Service

**REPORT OF INVESTIGATION**

| | | |
|---|---|---|
| 1. F.I.D.#:<br>REF: 1:07-CV-00369-ML-LDA | 2. DATE OF REPORT:<br>3/18/08 | 3. REPORTED BY:<br>GALLUCCI, THOMAS<br>USMS NEW HAVEN, CT |
| 4. CASE TITLE: CIVIL SUBPOENA | | |
| 5: TYPE OF REPORT (Check One):<br>[ ] REPORT OF INVESTIGATION<br>[ ] COLLATERAL LEAD<br>[ ] WITNESS INTERVIEW | [ ] ARREST<br>[ ] INTELLIGENCE UPDATE<br>[X] MEMORANDUM TO FILE<br>[ ] OTHER:________ | |

On 3/17/08 at approx. 1440 hrs. CIDUSM GALLUCCI arrived at 250 State St. North Haven, Ct. the office of PAUL C. HIGGINS. INC. in order to serve a federal civil subpoena issued by the District of Rhode Island.

The firm's name is on the front door and also the interior door located on the second floor. CIDUSM GALLUCCI walked into the office and to my immediate right was a female located at a desk right adjacent the door.

CIDUSM identified himself as a U.S. Marshal and displayed his badge and identification to the female. I advised her that I have a federal subpoena for the firm of PAUL C. HIGGINS. She asked what it was concerning and I showed her the subpoena. I asked if the manager or keeper of records was here: I asked if this was where their office is located and she stated yes but were not present. I explained to her that this is time sensitive and that action by the firm is required in federal court in Rhode Island in the very near future.

The female then went to a rear office and then came back to me seconds later and stated that she cannot accept the subpoena and asked for my name and telephone number. I advised her that this subpoena was time sensitive. I then asked her if she works here at the firm (PAUL C. HIGGINS). She stated yes. I advised her this subpoena is time sensitive and that I was serving the subpoena to her on behalf of the firm, and to refer the subpoena to the appropriate personnel. She again stated that she cannot accept the subpoena at which time I placed it on her desk in her presence and advised her that this is official service. I then exited the office. The female is described as a white female, approx. 55-60 years old, long grey hair, slim build.

| | | |
|---|---|---|
| 7. SIGNATURE (CI-DUSM):<br>[signature] Gallucci, Thomas R. | 8. DATE:<br>3/18/08 | 11. DISTRIBUTION:<br>[X] DISTRICT<br>[ ] HEADQUARTERS<br>[X] OTHER: Atty. Thomas Marks |
| 9. APPROVED (Name and Title): | 10. DATE: | |

United States Department of Justice
United States Marshals Service

## REPORT OF INVESTIGATION (Continuation Sheet)

| 1.F.I.D.#: 1:07-CV-00369-ML-LDA | 2.DATE OF REPORT: 3/18/08 | 3.REPORTED BY: GALLUCCI, THOMAS |
|---|---|---|
| 4.CASE TITLE: FEDERAL CIVIL SUBPOENA | | |

As I was exiting the office walking downstairs a white male opened the office door and was visibly angry, yelled loudly that we will not accept this and threw the subpoena towards my direction. The subpoena landed on the floor. I advised the male that the firm was officially served on behalf of federal court.

The male is described as a white male, approx. 40 years of age, brown hair, medium build.

CIDUSM GALLUCCI was not able to get any names of individuals involved due to the hostile attitude displayed.

CIDUSM GALLUCCI telephoned Atty. Thomas MARKS (plaintiff) and advised him of the situation. END OF REPORT

EXHIBIT "B"

# DECOF & DECOF

*A Professional Corporation*

COUNSELLORS AT LAW

*Thomas J. Marks*
*tjm@decof.com*

March 18, 2008

***VIA FACSIMILE: 203-288-4481***
***& FEDERAL EXPRESS***

Mr. Del Cade
Paul C. Higgins, Inc.
250 State Street, Unit B-1
North Haven, CT 06473

**Re: Anne Sykes, et. al. v. Fidelity National Property and Casualty Company**
**C.A. No.: 1:07-cv-00369-ML-LDA**

Dear Mr. Del Cade:

Thank you for your voicemail this morning.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, your company is considered duly served and thus, required to produce the requested documents. If you feel service was improper, you are entitled to file a Motion to Quash with the United States District Court of Rhode Island. Unless you properly file such a motion, I will expect to receive all requested documents in advance of March 27, 2008 – the date of your company's deposition.

As stated in the subpoena and deposition notice, you are not required to appear at the deposition, and in lieu of personal attendance can simply send the relevant documents by mail. Please be advised that if I do not receive the documents in time for the scheduled deposition, I will promptly (as in March 28) file a Motion to Adjudge you in Contempt and ask for costs and attorneys fees. You will also be subject to any applicable civil and criminal penalties for contempt of court.

ONE SMITH HILL • PROVIDENCE, RHODE ISLAND 02903
TELEPHONE (401) 272-1110 • FACSIMILE (401) 351-6641 • WWW.DECOF.COM

# DECOF & DECOF, P.C.

Mr. Del Cade
March 18, 2007
Page 2

Given your treatment of a United States Marshall, and the tenor of your voice mail this morning, I will not discuss this matter over the phone. If you wish to communicate with me or anyone in my office, I ask that you do so *in writing* by regular mail and with a valid and verifiable return address. I will not accept any phone calls from your office and am *insisting* that neither you nor anyone else from your company call my office for any reason whatsoever.

Sincerely,

Tom

Tom Marks

TJM/vaj
Enclosure
Sykes L009

Mar. 21. 2008 9:18AM EXHIBIT "C" No. 8461 P. 1

**PAUL C. HIGGINS, INC.**
**- INSURANCE ADJUSTERS -**
*Adelbert Cade, President*

250 State Street, Unit B-1, North Haven, CT 06473 TELEPHONE (203)281-4554 FAX (203)288-4481
INTERNET: www.pchiggins.com / E-MAIL: info@pchiggins.com

| Post-it® Fax Note 7671 | Date 3/20/08 # of pages ▸ 3 |
|---|---|
| To Tom Marks, Esq. | From Del Cade |
| Co./Dept. | Co. |
| Phone # | Phone # |
| Fax # 401-351-6641 | Fax # |

March 20, 2008

VIA E-MAIL, FAX, & MAIL

Tom Marks, Esq.
Decof & Decof
One Smith Hill
Providence, RI 02903

Re: Anne Sykes et al. vs Fidelity National Property & Casualty Company
C.A. No.: 1:07-cv-00369-ML-LDA

| | |
|---|---|
| Our Principal: | Colonial Claims Corporation |
| Claim No: | 55655 |
| Policy No.: | 38-0009568654 |
| Insured: | Anne Sykes |
| D/L: | 4/02/2005 |
| Type Loss: | Flooding |
| Loss Location: | 102 Cochran Street, West Warwick, RI |
| Agent: | Smith Mack and Associates, Inc. |
| Our File: | A5-040398-31P |

Dear Attorney Marks:

This correspondence will acknowledge receiving yours dated March 18, 2008, which was in response to my voice mail left for you on the same day, and also improper service of a subpoena by a Federal Marshal who came to my office unannounced, and would not identify himself, on March 17, 2008.

First of all, let me address the closing paragraph of your letter. The United States Marshal, who would not identify himself, was rude with my staff and set the tone for the manner in which he was treated. He was treated in the same manner he treated my staff.

I request that you provide me with the name of the U.S. Marshal, so I may address the manner in which he approached my staff, and his tactics, with the appropriate authority.

I will only communicate with you in writing, and also prefer same.

Regarding the matter at hand and improper service, I have reviewed Rule 45 of the Federal Rules of Civil Procedure, and reiterate that there was improper service of the subpoena, which is dated March 1, 2008, however, the attempt to serve was not until the unannounced visit by the United States Marshal on March 17, 2008. The Marshal did not previously contact our office regarding this matter, nor were we contacted by anyone else.

I am sure you are familiar with the Federal Rules of Civil Procedure, specifically Rule 45. Subpoena, which states the following:

"(b) Service.

(1) **By Whom; tendering Fees; Serving a Copy of Certain Subpoenas.**

Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the **named person** and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies. **If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party."**

As my staff attempted to explain to the United States Marshal, the subpoena is addressed to the "keeper of records" and nobody in this office carries that title. As indicated above, the subpoena requires delivering to the "named person."

Furthermore, the subpoena requires the production of documents, and as outlined above under the Federal Rules of Civil Procedure, Rule 45, if the subpoena commands the production of documents, then before it is served, a notice must be served on each party. No notice was served, and the U. S. Marshal showed up unannounced on March 17, 2008, with the subpoena in hand.

Further be advised that as an independent adjuster, I am under no obligation to maintain files after they have been closed, and my file concerning this matter was closed more than two years ago.

As a result, I reiterate that the subpoena was not properly served pursuant to the portions of Federal Rules of Civil Procedure, Rule 45, quote above.

Very truly yours,

PAUL C. HIGGINS, INC.

Del Cade
(Ext. 108)
d.cade@pchiggins.com

DC/sk

cc: Colonial Claims Corporation
Attn: Amanda
2200 Bayshore Boulevard
Dunedin, FL 34698