UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ANNE SYKES, individually, and in her capacity as Natural Parent, Next Friend and Guardian of M.S. (Minor), and SHAWN SYKES

v. C.A. No. 07-369-ML

FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY

**Memorandum and Order**

This matter is before the Court on Plaintiffs' motion to remand.[1] The matter was originally filed in Rhode Island Superior Court. Defendant, Fidelity National Property and Casualty Insurance Company ("Fidelity"), removed the action to this Court claiming federal jurisdiction pursuant to 42 U.S.C. § 4072, 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367. Plaintiffs aver that removal is inappropriate because Plaintiffs' claims do not invoke federal jurisdiction.

I. Background

This matter involves flood insurance purchased pursuant to the National Flood Insurance Act, 42 U.S.C. §§ 4001-4129. Plaintiff, Anne Sykes ("Sykes"), is a resident of West Warwick, Rhode Island. Fidelity is a corporation with its principal place of business in Florida. Sykes alleges that in or around 2000 she purchased a flood insurance policy for her residence from

[1] Plaintiff has filed a motion to amend the complaint. Since there was no opposition to the motion, it is granted per rule of court. The motion to amend does not impact the outcome of this motion. See generally In re Whatley, 396 F. Supp. 2d 50 (D. Mass. 2005) (removal jurisdiction normally ascertained from state court complaint as it stood at the time petition for removal was filed).

Fidelity's predecessor in interest. Sykes avers that on or about April 2, 2005, her residence suffered extensive water damage to the first floor due to a severe rain storm. Fidelity paid for flood damage sustained to the same first floor area of the premises on two other occasions. Fidelity sent an independent appraiser to survey the damage caused by the April 2 loss. The independent appraiser estimated the cost to repair the damage to the property at approximately $14,000. Sykes alleges that she "repeatedly" contacted Fidelity inquiring about the status of the claim. First Amended Complaint at ¶ 18. Sykes avers that Fidelity "would always respond that the claim was . . . being processed." Id. Eventually, in the Fall of 2005, Fidelity denied coverage on the basis that the loss was to a basement and thus not covered by the insurance policy.

On or about October 15, 2005, Sykes's residence once again suffered water damage. Sykes contacted Fidelity but Fidelity "refused to . . . send an adjuster or other claims handler to the Premises." Id. at ¶ 24. Plaintiffs allege that Fidelity never opened a file for the October 15, 2005, loss. Plaintiffs' complaint alleges fraud, unfair and deceptive trade practices, injury through commission of a crime, breach of contract, breach of implied warranty of good faith, bad faith and mental anguish.

II. Removal

It is well settled that Fidelity, as the removing party, bears the burden of establishing federal jurisdiction. In re Pharmaceutical Industry Average Wholesale Price Litigation, 457 F. Supp. 2d 77 (D. Mass. 2006). The removal statute is strictly construed with any doubts about the propriety of removal construed against the party seeking removal. Id. "Jurisdiction is normally ascertained from the face of the state court complaint that triggered the removal." Danca v.

Private Health Care Systems, Inc., 185 F.3d 1, 4 (1st Cir. 1999); see also In re Whatley, 396 F. Supp. 2d 50 (D. Mass. 2005).

III. The National Flood Insurance Program

The flood insurance policy purchased by Sykes was issued pursuant to the National Flood Insurance Act. The National Flood Insurance Act, ("NFIA"), established the National Flood Insurance Program ("NFIP"). See generally 42 U.S.C. §§ 4001-4129. Congress enacted the NFIA to "provide a unified national program to reduce and avoid losses caused by floods by making reasonably priced flood insurance available for residential and commercial properties." Bruinsma v. State Farm Fire and Casualty Company, 410 F. Supp. 2d 628, 631 (W.D. Mich. 2006). The NFIP is administered by the Federal Emergency Management Agency (FEMA) and is federally subsidized. Southpointe Villas Homeowners Association, Inc. v. Scottish Insurance Agency, Inc., 213 F. Supp. 2d 586 (D.S.C. 2002).

In 1983 FEMA created the "Write Your Own" ("WYO") program. Masoner v. First Community Insurance Co., 81 F. Supp. 2d 1052 (D. Idaho 2000). Under the WYO program, "private insurance companies are authorized to issue Standard Flood Insurance Policies in their own names." Id. at 1105. FEMA regulations establish the terms of the Standard Flood Insurance Policy ("SFIP"). Southpointe, 213 F. Supp. 2d 586. In fact, FEMA regulations dictate the "precise content, word-for-word of the SFIP." Bruinsma, 410 F. Supp. 2d at 631. A WYO company may not alter, vary or waive any provision of the SFIP. Messa v. Omaho Property & Casualty Insurance Co., 122 F. Supp. 2d 513 (D.N.J. 2000).

WYO companies collect premiums in segregated accounts from which they pay claims

and make necessary refunds. Id. After deducting fees and administrative costs, the premiums collected on flood insurance policies are deposited in the National Flood Insurance Fund of the United States Treasury. Id. When a WYO company lacks the necessary funds in its segregated account, the company draws on FEMA letters of credit from the United States Treasury to pay claims and issue refunds. Id. "Thus regardless of whether FEMA or a WYO company issues a flood insurance policy, the United States treasury funds pay off the insureds' claims." Van Holt v. Liberty Mutual Fire Insurance Co., 163 F.3d 161, 165 (3d Cir. 1998); see also Southpointe, 213 F. Supp. 2d at 588 (noting that WYO companies are "fiscal agents of the United States"). Fidelity is a WYO program carrier participating in the NFIP.

## IV. Analysis

Federal district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Congress has given the lower federal courts jurisdiction to hear . . . only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Esso Standard Oil Company v. Zayas, 352 F. Supp. 2d 165, 167-68 (D.P.R. 2005), aff'd, 445 F.3d 13 (1st Cir. 2006) (quoting Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).

The Court looks to Plaintiffs' first amended complaint to determine if § 1331 jurisdiction lies in this instance. See generally Esso, 352 F. Supp. 2d at 167. Counts IV and VIII allege a breach of the SFIP. Plaintiffs specifically allege that "Fidelity denied coverage to Plaintiffs on

the basis that the [l]oss was to a 'basement' and thus not covered by the [p]olicy." First Amended Complaint at ¶ 19. Plaintiffs aver that Fidelity denied the claim based upon a term defined in the SFIP. See generally 44 C.F.R. Pt. 61 App. A(1), Article II(B)(5); Linder and Associates, Inc. v. Aetna Casualty and Surety Company, 166 F.3d 547 (3d Cir. 1999).

"[F]ederal law controls disputes over the coverage of insurance policies issued pursuant to the National Flood Insurance Program." Atlas Pallet, Inc. v. Gallagher, 725 F.2d 131, 135 (1st Cir. 1984). "Here, the complaint alleged, among other things, breach of an SFIP contract. SFIP contracts are interpreted using principles of federal common law rather than state contract law. Thus, a complaint alleging a breach of an SFIP satisfies § 1331 by raising a substantial federal question on its face." Newton v. Capital Assurance Company, Inc., 245 F.3d 1306, 1309 (11th Cir. 2001) (emphasis added) (citations omitted); see also Studio Frames Ltd. v. Standard Fire Insurance Co. 369 F.3d 376, 380 (4th Cir. 2004) (plaintiff's right to relief on breach of SFIP claims "necessarily depends on the resolution of a substantial question of federal law[]") (internal quotation marks and citation omitted); Battles v. Siebels Bruce Insurance Company, 288 F.3d 596, 607 (4th Cir. 2002) ("the law is well settled that federal common law alone governs the interpretation of insurance policies issued pursuant to the NFIP").

This Court concludes that because the complaint alleges breaches of the SFIP, a substantial federal question exists, and the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. See generally Newton, 245 F.3d at 1309. Because the Court has determined that it has jurisdiction pursuant to § 1331 on the breach of contract claims, the Court need not consider Fidelity's alternative theories of federal jurisdiction. The Court also concludes that the state law claims in the complaint arise from the same core facts as the federal claims. Learnard

v. Inhabitants of the Town of Van Buren, 182 F. Supp. 2d 115 (D. Me. 2002). The Court, therefore, exercises its supplemental jurisdiction over the state law causes of action. See generally 28 U.S.C. § 1367(a).

Plaintiffs' motion for remand is DENIED.

SO ORDERED.

Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
June 3, 2008