**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ANNE SYKES, individually, and on
behalf of M.S. (Minor) and
SHAWN SYKES

vs. C.A. NO.: 1:07-cv-00369-ML-LDA

FIDELITY NATIONAL PROPERTY
AND CASUALTY INSURANCE
COMPANY

**MEMORANDUM IN SUPPORT OF**
**MOTION TO AMEND COMPLAINT**

Now come the Plaintiffs, Anne Sykes, individually and on behalf of M.S. (Minor), and Shawn Sykes ("Plaintiffs"), and hereby offer the following Memorandum in Support of their Motion to Amend their Complaint against the Defendant, Fidelity National Property and Casualty Insurance Company ("Defendant").

## I. PROPOSED AMENDMENTS

First, Plaintiffs wish to modify the Facts portion of their Second Amended Complaint to reflect information acquired during discovery.

Second, Plaintiffs seek to add an additional breach of contract count based on promises exchanged between the parties which may have been beyond the scope of the original contract.

Third, Plaintiffs seek to add an additional count of negligence stemming from a duty Defendant assumed after making its coverage determinations in 2005.

Fourth, Plaintiffs seek to clarify their original negligence count to make clear that Plaintiffs are seeking to hold Defendant liable not only for its own negligence, but also that of its employees, agents and servants.

Fifth, Plaintiffs seek to modify their count of bad faith to include a claim of bad faith under both state and federal common law as opposed to just Rhode Island statutory law.

Sixth, Plaintiffs wish to withdraw their existing Count I (Fraud); Count II (Negligent Misrepresentation); Count III (Unfair and Deceptive Trade Practices); Count V (Breach of Implied Warranty of Good Faith and Fair Dealing); and Count VIII (Mental Anguish and Emotional Distress). Regarding Count VIII, Plaintiffs are still seeking damages for mental anguish and emotional distress, but the demand for such damages is already incorporated into their claims of negligence. Hence, a separate count for such damages is not needed.

## II. LEGAL ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure states, in relevant part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleadings is served…Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The seminal case regarding the application of Rule 15(a) remains Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227 (1962). Pursuant to Davis, the Rule's instruction that leave be "freely given" is a "mandate…to be heeded." Id. at 182. More specifically, the Court held that:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'

Id. The United States District Court for the District of Rhode Island has also noted that in the First Circuit, "'amendments under [Rule 15(a)] are liberally granted, and some justification is required for a refusal.'" Desrosiers v. Hartford Life and Accident Ins. Co., 354 F.Supp.2d 119, 129 (D.R.I. 2005) [quoting Ondis v. Barrows, 538 F.2d 904, 909 (1st Cir. 1976)].

None of the justifications for refusal enumerated by the Davis Court are applicable to Plaintiffs' Motion. First, there is no undue delay. This action is only ten (10) months old and fact discovery is in its nascent stages. Indeed, this Court only recently denied Plaintiffs' Motion

to Remand. Further, in considering whether there is "undue delay" in this case, Plaintiffs ask that this Court consider the number, complexity, and novelty (at least in the First Circuit) of the legal issues raised by Defendant and the amount of time necessary to research and understand them.

Second, there is no bad faith or dilatory motive on the part of Plaintiffs. On the contrary, having had additional time to research the multitude of legal issues raised by Defendant, Plaintiffs are eliminating several claims which they now believe are not sustainable. This belies any notion of bad faith or dilatory motive. Third, Plaintiffs have not previously failed to cure any deficiencies in the pleadings. Fourth, Defendant cannot demonstrate any prejudice – much less undue prejudice – which would result from the granting of Plaintiff's Motion. In fact, Defendant has to date not served a single discovery request. Fifth, the proposed amendments are not futile, as Plaintiffs' new counts most certainly state claims upon which relief can be granted. <u>See Almeida v. United Steelworkers of America</u>, 50 F.Supp.2d 115, 120 (D.R.I. 1999) [citing <u>Glassman v. Computervision Corp.</u>, 90 F.3d 617, 623 (1st Cir. 1996)]. Hence, Plaintiffs' Motion to Amend should be granted pursuant to Rule 15(a).

## III. CONCLUSION

WHEREFORE, your Plaintiffs, Anne Sykes, individually and on behalf of M.S. (Minor), and Shawn Sykes, respectfully request that this Honorable Court grant their Motion to Amend.

PLAINTIFFS,

By their Attorneys,

DECOF & DECOF, P.C.
1 Smith Hill
Providence, RI 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641

/S/ Thomas J. Marks______________
Thomas J. Marks #7158

**CERTIFICATION**

I hereby certify that on this 16th day of June 2008, I served the within document by electronic filing to the following counsel of record: Holly R. Rao, Esq., HRR@olenn-penza.com.

/S/ Thomas J. Marks________________
Thomas J. Marks #7158