**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ANNE SYKES, individually, and on behalf of M.S. (Minor) and SHAWN SYKES

vs. C.A. NO.: 1:07-cv-00369-ML-LDA

FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY

**THIRD AMENDED COMPLAINT**

Now come the Plaintiffs, Anne Sykes, individually and on behalf of M.S. (Minor), and Shawn Sykes ("Plaintiffs") and hereby complain against the Defendant, Fidelity National Property and Casualty Insurance Company ("Defendant"), as follows:

**Parties**

1. Plaintiff Anne Sykes is an individual residing in the Town of West Warwick, County of Kent, State of Rhode Island.

2. Plaintiff Shawn Sykes is an individual residing in the Town of West Warwick, County of Kent, State of Rhode Island.

3. Plaintiff M.S. is a minor residing in the Town of West Warwick, County of Kent, State of Rhode Island.

4. Defendant Fidelity National Property and Casualty Insurance Company is a corporation with a principal place of business in the State of Florida.

**Facts**

5. In or around May 2000, Anne Sykes, then known as Anne Massey, contracted with First Community Insurance Company ("First Community") for the provision of flood insurance covering the premises located at 102 Cochran Street in West Warwick, Rhode Island ("the Premises"). The terms and conditions of the contract were set forth in the Standard Flood Insurance Policy in effect at that time ("the Policy").

6. At all times relevant hereto, Anne Sykes and her husband, Shawn Sykes, remained current on their Policy premiums and their flood insurance coverage remained in full force and effect.

7. At all times relevant hereto, Plaintiff M.S. (Minor) resided at the Premises.

8. In or around 2003, Defendant's parent company, Fidelity National Financial, Inc., acquired First Community.

9. Fidelity National Financial, Inc., then arranged for First Community to change its name to Fidelity National Property and Casualty Insurance Company (Defendant). The name change became effective in or around 2003.

10. In or around late 2004 or early 2005, Defendant offered to Anne Sykes and Shawn Sykes to provide "contents coverage" – which would cover the contents of the Premises, including those contained on the first floor -- in exchange for the Sykes's payment of an additional premium.

11. The Sykes's accepted Defendant's offer and paid Defendant the additional premium.

12. Defendant accepted and retained this payment.

13. On or about April 2, 2005, the first floor of the Premises, including the contents therein, suffered water damage as the result of a flood.

14. Anne Sykes submitted a formal claim with Defendant pursuant to the terms and conditions of the Policy.

15. The reported losses were covered losses either under the Policy or as part of the "contents coverage" that Anne and Shawn Sykes purchased in late 2004 or early 2005.

16. Defendant asked its agent, Colonial Claims Corporation -- an insurance adjusting company with a principal place of business in Florida – to evaluate and adjust the Sykes's claim.

17. Colonial Claims did evaluate and adjust the claim, and in doing so reported to Defendant that the area of loss is a "basement" and, as such, subject to extensive coverage restrictions.

18. The area of loss is not a "basement" and thus is not subject to such coverage restrictions.

19. Defendant denied almost all of the Sykes's claims for coverage, including the claim relative to damaged contents.

20. On or about October 15, 2005, the first floor of the Premises, including the contents therein, suffered water damage as the result of a flood.

21. Anne Sykes submitted a formal claim with Defendant pursuant to the terms and conditions of the Policy.

22. The reported losses were covered either under the Policy or as part of the "contents coverage" that Ann and Shawn Sykes purchased in late 2004 or early 2005.

23. Defendant once again asked Colonial Claims Corporation to evaluate and adjust the claim.

24. Colonial Claims once again reported to Defendant that the area of loss is a "basement" and, as such, subject to extensive coverage restrictions.

25. Defendant denied the Sykes's claims for coverage in full.

26. Anne Sykes subsequently filed a formal complaint against Defendant with the Rhode Island Department of Business Regulation, Division of Insurance ("the Division").

27. Defendant responded to the Department and offered to conduct an investigation into its denial of coverage so that Plaintiffs could be afforded the maximum coverage available.

28. Defendant subsequently informed the Department that the area of loss was a "basement" and, as such, ineligible for coverage.

**COUNT I**
**(Breach of Contract)**

29. Plaintiffs incorporate the allegations contained in Paragraphs 1-28 as if set forth fully herein.

30. When Defendant acquired First Community, it thereby assumed the rights and obligations of First Community relative to all contracts to which First Community was a party.

31. Defendant thus became contractually obligated to provide coverage for the Premises in accordance with the terms and conditions of the Policy as it existed in May 2000.

32. Defendant breached its obligations without legal justification.

33. As a result of Defendant's breach, Plaintiffs have suffered damages.

WHEREFORE, your Plaintiffs request that this Honorable Court enter judgment in their favor and against the Defendant and award them their actual, incidental and consequential damages; costs; a reasonable attorney's fee; and any other further relief, legal or equitable, that this Honorable Court shall deem meet and just.

**COUNT II**
**(Breach of Contract)**

34. Plaintiffs incorporate the allegations contained in Paragraphs 1-28 as if set forth fully herein.

35. In or around late 2004 or early 2005, Defendant became contractually bound to provide coverage for the contents of the Premises, including the contents of the first floor.

36. Defendant breached its contractual obligations without legal justification.

37. As a result of Defendant's breach, Plaintiffs have suffered damages.

WHEREFORE, your Plaintiffs request that this Honorable Court enter judgment

in their favor and against the Defendant and award them their actual, incidental and consequential damages; costs; a reasonable attorney's fee; and any other further relief, legal or equitable, that this Honorable Court shall deem meet and just.

**COUNT III**
**(Negligence)**

38. Plaintiffs incorporate the allegations contained in Paragraphs 1-28 as if set forth fully herein.

39. At the time of both the April 2005 and October 2005 losses, Defendant owed a duty to Plaintiffs to act with reasonable care when determining whether or not reported losses were eligible for coverage.

40. Defendant, by and through its employees, agents or servants, breached this duty.

41. Defendant's breach was an actual and proximate cause of injuries suffered by Plaintiffs.

42. Plaintiffs have suffered damages in an amount to be determined at trial.

WHEREFORE, your Plaintiffs request that this Honorable Court enter judgment in their favor and against the Defendant and award your Plaintiffs compensatory damages, including but not limited to damages for emotional distress resulting from interference with Plaintiffs' quiet enjoyment of the Premises; punitive damages; costs; a reasonable attorney's fee; and any other further relief, legal or equitable, that this Honorable Court shall deem meet and just.

**COUNT IV**
**(Negligence)**

43. Plaintiffs incorporate the allegations contained in Paragraphs 1-28 as if set forth fully herein.

44. After Defendant rendered its initial coverage decisions in 2005 and upon offering to conduct an investigation into its denials of coverage, Defendant assumed a duty to Plaintiffs to conduct the investigation with reasonable care.

45. Defendant, by and through its employees, agents or servants, breached this duty.

46. Defendant's breach was an actual and proximate cause of injuries suffered by Plaintiffs.

47. Plaintiffs have suffered damages in an amount to be determined at trial.

**COUNT V**
**(Bad Faith)**

48. Plaintiffs incorporate the allegations contained in Paragraphs 1-47 of their Complaint as if set forth fully herein.

49. Defendant wrongfully and in bad faith refused to perform its contractual obligations, both express and implied.

WHEREFORE, your Plaintiffs request that this Honorable Court enter judgment in their favor and against the Defendant and award your Plaintiffs compensatory damages, including but not limited to damages for emotional distress resulting from interference with Plaintiffs' quiet enjoyment of the Premises; punitive damages; costs; a reasonable attorney's fee; and any other further relief, legal or equitable, that this Honorable Court shall deem meet and just.

**JURY TRIAL DEMANDED**

**Plaintiffs hereby demand a trial by jury on all counts so triable, and designate Thomas J. Marks as their trial counsel.**

PLAINTIFFS,

By their Attorneys,

DECOF & DECOF, P.C.
1 Smith Hill
Providence, RI 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641

/S/ Thomas J. Marks______________
Thomas J. Marks #7158

**CERTIFICATION**

I hereby certify that on this 16th day of June 2008, I served the within document by electronic filing to the following counsel of record: Holly R. Rao, Esq., HRR@olenn-penza.com.

/S/ Thomas J. Marks________________
Thomas J. Marks #7158