HRR:hr 7125/1 \71251MotAmendSchedOrd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANNE SYKES, Individually, and on Behalf of MICHAELA SYKES (Minor), GREGORY SYKES (Minor), MICHAEL SYKES (Minor), and SHAWN SYKES | : | |
| VS. | : | C.A. NO. 1:07-cv-00369-ML-LDA |
| FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY | : | |

**MOTION TO AMEND SCHEDULING ORDER**

Now comes the defendant, FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY ("Fidelity"), which is a Write-Your-Own ("WYO") Program carrier participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] and appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] and respectfully requests that the Court amend the current scheduling order by extending each deadline for a period of 60 days per deadline for the reasons set forth below.

The Plaintiffs' Motion for Leave to File a Third Amended Complaint was just granted on July 8th. The defendant had previously advised this Court and opposing counsel as to its intention to file a dispositive motion in this matter. The deadline to file the same was July 3, 2008 (30 days after the Motion to Remand was denied). Given the pendency of the Motion to Amend which was filed on June 16, 2008, counsel withheld filing a dispositive motion as an amended complaint would render the prior complaint a nullity. This has been the long standing rule within the First Circuit and reaffirmed this year as evidenced by the cases cited below.

---

[1] 42 U.S.C. §4001, *et seq.*

[2] 44 C.F.R. §62.23(f).

[3] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna,* 143 F.3d 951, 953 (5th Cir.1998).

> Kolling's amended complaint completely supersedes his original complaint, and thus the original complaint no longer performs any function in the case. *See Lopez-Carrasquillo v. Rubianes,* 230 F.3d 409, 412 (1st Cir.2000); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476 (2d ed. 1990) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case."). By omitting "the common law employee claim" from the amended complaint, Kolling abandoned it. *See Cicchetti v. Lucey,* 514 F.2d 362, 365 n. 5 (1st Cir.1975); *see also, Carver v. Condie,* 169 F.3d 469, 472 (7th Cir.1999) (holding that allegations not included in amended complaint "fell by the wayside"). *Kolling v. American Power Conversion Corp.,* 347 F.3d 11 (C.A.1, 2003).

> An amended complaint, once filed, normally supersedes the antecedent complaint; thereafter, the earlier complaint is a dead letter and no longer performs any function in the case. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.App.(2000). *Connectu LLC v. Zuckerberg,* 522 F.3d 82 (C.A.1, 2008).

As such, defendant could not have filed a meaningful dispositive motion by the deadline of July 3, 2008 given the pendency of the Motion to Amend and fact that the Third Amended Complaint was not yet allowed.

Moreover, as has been previously pointed out to the Court, when an SFIP is in full force and effect and a claim is presented thereunder, as in the case at bar, any such flood claim is paid with U.S. treasury funds. See 44 C.F.R. Pt. 62, App. A, Arts. II and III. This includes the costs of litigation. *Id.*; see also, 44 C.F.R. §§62.23(i)(6) and (9). In light of this and given that the issue of preemption is one of first impression for Rhode Island, the defendant requests that it be given the opportunity to fully brief the issue as it relates to the Third Amended Complaint.

The undersigned has conferred with counsel for plaintiffs and he has no objection to said motion as it pertains to deadlines not yet passed BUT he does object to the motion to the extent that it applies to the dispositive motion deadline of July 3, 2008.

DEFENDANT,
By its Attorney,

/s/Holly R. Rao, Esq. #3539
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I hereby certify that I have filed the within with the United States District Court on this 9th day of July, 2008, and that a copy is available for viewing and downloading via the ECF system and that I have caused a copy to be sent to:

Thomas J. Marks, Esq.
Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903

/s/ Holly R. Rao